**PIERSANT, Appellant,**

v.

**BRYNGELSON et al., Appellees.**

[Cite as *Piersant v. Bryngelson* (1989), 61 Ohio App.3d 359.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 55710.

Decided March 27, 1989.

Stephen G. Thomas, for appellant.
Leonard Yelsky, for appellee Mary S. Colucci.

*John S. Rea,* for appellees Jeffry M. Bryngelson and Auto Club Ins. Assn.

---

*Per Curiam.*

Appellant appeals from the trial court's granting of defendants Bryngelson and Auto Club Insurance Association's motion for judgment on the pleadings pursuant to Civ.R. 12(C). For the following reasons, we reverse the trial court's judgment and remand for further proceedings.

Plaintiff was involved in an automobile accident on August 12, 1985. Defendant Bryngelson was driving the other car and was insured by defendant Auto Club Insurance Association ("the insurer"). Plaintiff retained the services of defendant attorney Colucci to represent her. On March 7, 1986, plaintiff executed a release in favor of defendant Bryngelson for the consideration of $4,100.

On August 12, 1987, plaintiff filed suit against the parties mentioned above, claiming negligence against defendant Bryngelson and legal malpractice against defendant Colucci. Attached to the complaint was a copy of the release as Exhibit A.

Defendants Bryngelson and insurer were granted two leaves to plead, the last one expiring on November 19, 1987.

On November 19, 1987, defendants Bryngelson and the insurer filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C), claiming plaintiff did not state a cause of action against these two defendants. None of the defendants had answered the complaint up to that time.

On December 4, 1987, plaintiff filed her first amended complaint and a brief in opposition to defendants' motion for judgment on the pleadings. The amended complaint restated the cause of action for negligence and legal malpractice and further requested damages and a declaration that the release herein is void due to want of consideration and mutual mistake of fact or law.

The trial court granted defendants' motion for judgment on the pleadings on February 29, 1988. Defendants had still not answered the complaint or its amended version.

On April 15, 1988, the trial court made its order of February 29, 1988 final as to those two defendants, finding there was no just reason for delay. Civ.R. 54(B).

Plaintiff filed her timely notice of appeal on May 11, 1988 pursuant to App.R. 4(A).

Civ.R. 12(C) provides:

"Motion for judgment on the pleadings. After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."

The standard of review a trial court must use in ruling upon a motion for judgment on the pleadings pursuant to Civ.R. 12(C) was recently set forth in the case of *Case Western Reserve Univ. v. Friedman* (1986), 33 Ohio App.3d 347, 348, 515 N.E.2d 1004, 1005:

"A motion for judgment on the pleadings is the same as a motion to dismiss filed after the pleadings are closed and raises only questions of law. The pleadings must be construed liberally and in a light most favorable to the party against whom the motion is made, and every reasonable inference in favor of the party against whom the motion is made should be indulged. *Vaught v. Vaught* (1981), 2 Ohio App.3d 264, 2 OBR 293, 441 N.E.2d 811; *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 63 O.O.2d 262, 297 N.E.2d 113. The motion should be denied if it cannot be determined from the face of the pleadings that the pleading does not state a claim upon which relief can be granted. *Calhoun v. Supreme Court of Ohio* (1978), 61 Ohio App.2d 1, 15 O.O.3d 13, 399 N.E.2d 559."

Appellant maintains three assignments of error, and we will discuss them in the order presented by the appellant's brief.

## I

Appellant's first assignment of error states:

"The trial court erred in granting the defendant's [*sic*] motion for summary judgment on the pleadings pursuant to Rule 12(C)."

The record is devoid of any evidence that the trial court treated defendants' motion for judgment on the pleadings pursuant to Civ.R. 12(C) as a motion for summary judgment pursuant to Civ.R. 56, thereby considering allegations outside the face of the pleadings.

The trial court order which granted defendants' motion clearly stated, " * * * Motion for judgment on the pleadings is hereby granted."

Appellant's first assignment of error is overruled.

## II

Appellant's second assignment of error states:

"The trial court erred in converting defendant's [*sic*] Rule 12(C) motion for judgment on the pleadings into a Rule 56 motion for summary judgment without giving notice to the parties of this intention."

Again, the record is devoid of any evidence that the trial court converted the defendants' Civ.R. 12(C) motion into a motion for summary judgment under Civ.R. 56.

Further, this court can find no authority to support the beliefs of counsel that a motion made pursuant to Civ.R. 12(C) can be converted to a motion for summary judgment. This theory is mistaken.

The language of Civ.R. 12(C) does not provide for conversion. Cf. Civ.R. 12(B)(6).

Appellant's second assignment of error is overruled.

### III

Appellant's third assignment of error states:

"The trial court erred when it granted summary judgment in favor of the defendants."

The issue is not whether the trial court granted summary judgment. It did not. The issue is whether the trial court erred in granting judgment on the pleadings pursuant to Civ.R. 12(C). We believe the trial court did err.

First, the language of Civ.R. 12(C) states that it may be used only after all the pleadings are closed. The defendants had not pled in response to the complaint prior to the filing of the Civ.R. 12(C) motion. Since all the pleadings were not closed, the filing of the Civ.R. 12(C) motion was premature and could not be considered by the trial court.

Second, putting the premature nature of the motion aside, the trial court erred in granting judgment on the pleadings.

The complaint was properly amended as a matter of course before a responsive pleading was served to the original complaint. This amendment related back to the initial complaint's filing. Civ.R. 7(A), 15(A) and (C). The complaint and its amendment are the only pleadings in the record. A review of the allegations made in the amended complaint reveals material issues of fact surrounding the release in question. See *Woyma v. Ciolek* (1983), 11 Ohio App.3d 288, 11 OBR 518, 465 N.E.2d 486. Construing the pleadings liberally and in a light most favorable to the appellant, it cannot be said that defendants were entitled to judgment as a matter of law. *Case Western, supra.*

Appellant's third assignment of error is well-taken.

*Judgment reversed
and cause remanded.*

JOHN V. CORRIGAN and FRANCIS E. SWEENEY, JJ., concur.

KRUPANSKY, P.J., dissents.

KRUPANSKY, Presiding Judge, dissenting.

I respectfully dissent.

The majority remands the case *sub judice* on the premise defendants' Civ.R. 12(C) motion for judgment on the pleadings was premature since the pleadings were not closed. I believe this approach is contrary to the interest of judicial economy and emphasizes form over substance. Nothing would have been gained if defendants answered plaintiff's complaint prior to filing their Civ.R. 12(C) motion. Thus, the majority remands the case *sub judice* for the performance of a vain act.

Moreover, the release of claims plaintiff signed on March 7, 1986 contained the following language:

"I intend this document to operate as a release for all consequences of the injuries, losses and damages sustained by me *whether or not I am presently aware of such consequences.*

"* * *

"I declare I have read this release and that I understand its terms." (Emphasis added.)

Since there was no reservation clause in the release, I believe plaintiff forever waived assertion of her claims against defendant Bryngelson when she signed the release and received $4,100 in consideration. Therefore, I would affirm the trial court's order granting defendants judgment on the pleadings.