NEWELL, Appellant,

v.

TRW, INC./KELSEY–HAYES COMPANY, Appellee.

[Cite as *Newell v. TRW, Inc./Kelsey–Hayes Co.* (2001), 145 Ohio App.3d 198.]

Court of Appeals of Ohio,
Sixth District, Sandusky County.

No. S–01–004.

Decided Aug. 10, 2001.

*Steven M. Spitler* and *Todd T. Miller*, for appellant.

*Robert S. Spector*, for appellee.

SHERCK, Judge.

This is an accelerated appeal from a judgment issued by the Sandusky County Court of Common Pleas, dismissing a workers' compensation appeal for want of jurisdiction.

In 1990, appellant, Billy R. Newell, was injured on the job while working for appellee, TRW, Inc./Kelsey–Hayes Co. Appellant applied for benefits through the Ohio Bureau of Workers' Compensation.[1] The bureau administratively "recognized" appellant's claims for various lower back injuries and for a "depressive disorder."[2]

On January 3, 2000, appellant applied to the Bureau of Workers' Compensation for authorization for treatment and disability benefits for a "depressive disorder." The bureau's district hearing officer initially granted appellant's application, awarding appellant temporary total disability from September 1999 until January

---

1. The Administrator, Ohio Bureau of Workers' Compensation, and the Industrial Commission of Ohio are nominal appellees in this matter but did not file a brief.

2. No record from the Bureau of Workers' Compensation or the Industrial Commission was filed in this matter. However, in its answer to appellant's complaint in the *de novo* proceeding, the Administrator, Bureau of Workers' Compensation, admitted the facts alleged in appellant's complaint.

2000 and continuing thereafter on submission of psychological proof. Later, an Industrial Commission staff hearing officer vacated the award. When the Industrial Commission denied further appeals, pursuant to R.C. 4123.512, appellant filed the notice of appeal and complaint that underlies this appeal.

In the common pleas court, the employer moved for summary judgment, arguing that the common pleas court had no jurisdiction to hear the appeal because the administrator's decision did not affect appellant's right to participate in the Workers' Compensation Fund, going instead to the extent of the disability. Since R.C. 4123.512 specifically excludes appeals of decisions relating to the extent of disability, appellee contended that the appeal should be dismissed.

The common pleas court dismissed the case for want of jurisdiction. This appeal follows. In a single assignment of error, appellant asserts that the common pleas court's determination that it lacked subject-matter jurisdiction over the matter was erroneous.

Although couched in terms of a Civ.R. 56 motion for summary judgment, the case was argued and decided as a motion to dismiss for want of subject-matter jurisdiction, pursuant to Civ.R. 12(B)(1). Functionally, in these types of cases there is little difference in the procedure because a court may consider pertinent material beyond the complaint to determine its jurisdiction in a Civ.R. 12(B)(1) motion. *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.* (1976), 48 Ohio St.2d 211, 2 O.O.3d 393, 358 N.E.2d 526, paragraph one of the syllabus.

■ A court may not dismiss a case for lack of subject-matter jurisdiction if the plaintiff has alleged any cause of action that the court has authority to decide. *McHenry v. Indus. Comm.* (1990), 68 Ohio App.3d 56, 62, 587 N.E.2d 414, 418–419. This determination is generally a question of law that an appellate court reviews independently of the trial court's decision. *Ford v. Tandy Transp., Inc.* (1993), 86 Ohio App.3d 364, 375, 620 N.E.2d 996, 1002–1003.

The question at issue here is the statutory jurisdiction of a common pleas court to hear an appeal from a decision awarding or denying workers' compensation benefits. Jurisdiction of the court is conferred by R.C. 4123.512(A), which provides:

"The claimant or the employer may appeal an order of the industrial commission [granting or denying workers' compensation benefits] in any injury or occupational disease case, other than a decision as to the extent of disability to the court of common pleas of the county in which the injury was inflicted * * *."

■ This provision, formerly codified as R.C. 4123.519, has been interpreted to permit jurisdictional review only for decisions involving a claimant's right to participate or to continue to participate in the compensation fund, *Afrates v.*

*Lorain* (1992), 63 Ohio St.3d 22, 584 N.E.2d 1175, paragraph one of the syllabus, not decisions which relate only to the extent of the injury. *Felty v. AT&T Technologies, Inc.* (1992), 65 Ohio St.3d 234, 237, 602 N.E.2d 1141, 1144. The Industrial Commission's decision to grant or deny additional benefits under an existing claim is not subject to appeal. *State ex rel. Evans v. Indus. Comm.* (1992), 64 Ohio St.3d 236, 594 N.E.2d 609, paragraph two of the syllabus. However, an order that permanently forecloses further benefits under a claim that has been filed is appealable. *Id.* at 240–241, 594 N.E.2d at 612–613.

A "claim" refers to a specific injury. *Felty* at 239, 602 N.E.2d at 1145–1146. Thus, in this matter, appellant's back injuries are separate claims from his claim for psychological damage. See *id.* Consequently, if the Industrial Commission's order from which appellant appeals forecloses further benefits for his psychological claim, it is appealable and the common pleas court has jurisdiction to hear the appeal.

No record or actual documents from the Bureau of Workers' Compensation or the Industrial Commission have been entered into the record. The only language relating to the denial of appellant's claim comes from his complaint, which quotes at length from the staff hearing officer's decision. The Bureau of Workers' Compensation, in its answer, admitted the accuracy of such language. The staff hearing officer's order is quoted as follows:

"The order of the District Hearing Officer, from the hearing dated 03/23/2000, is vacated. ·Therefore, the claimant's C–86, filed 01/03/2000, is denied.

"The opinion of Daniel J. Kuna, Ph.D. was found to be more persuasive than the opinion of Robert A. MacGuffie, Ph.D. [appellant's treating psychologist].

"The 03/12/2000 report of Dr. Kuna notes that previous psychological exams * * * indicated that claimant's allowed psychological condition did *not* interfere with is ability to work.

"Dr. Kuna also noted that claimant had experienced very significant subsequent, intervening life stressors (his two *younger* brothers had both died; claimant had a heart attack in July, 1998; claimant was hospitalized in June, 1999). It is noted that Dr. MacGuffie's office notes of 11/09/1999 indicated that claimant was 'having severe nightmares; dreams involved 2 decease[d] brothers'.

"Dr. Kuna then stated his professional opinion that 'The record and this Clinical Interview make clear that there is no disabling condition in Mr. Newell. * * * Psychologically, Mr. Newell is able to return to his previous occupation. The percent of psychological disability existing at this point is 0%. Mr. Newell sustained MMI (Maximum Medical Improvement) for his psychological condition. There is no need for psychological treatment.[']

"Therefore, it is the order of this Staff Hearing Officer that Temporary Total Disability Compensation is hereby DENIED from 09/21/1999 through 05/03/2000.

"* * *

"It is the further order of this Staff Hearing Officer that authorization is *denied* for further psychological treatment provided by Robert A. MacGuffie, Ph.D. for the reason that there is no need for psychological treatment relative to the residuals of the 05/25/1990 industrial injury."

In our view, the order of the staff hearing officer clearly foreclosed any further benefits to appellant. Whether it was due to intervening "stresses," successful treatment, or a lack of a compensable disability, appellant was barred from further participation in the fund for this claim. Consequently, this is an appealable order and the common pleas court erred in determining that it was without jurisdiction to hear the case.

Accordingly, appellant's sole assignment of error is well taken.

The judgment of the Sandusky County Court of Common Pleas is reversed. This matter is remanded to said court for further proceedings consistent with this decision. Costs to appellee.

*Judgment reversed*
*and cause remanded.*

MARK L. PIETRYKOWSKI, P.J., and RICHARD W. KNEPPER, J., concur.