DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Mark Figetakis, appeals from the judgment of the Summit County Court of Common Pleas dismissing his counterclaim. This Court reverses.
 I. {¶ 2} Appellee, Business Data Systems, Inc., originally filed suit in Akron Municipal Court against Gourmet Café Corporation ("Gourmet Café") and Appellant for breach of lease by Gourmet Café. Appellee's claim was based on Appellant's guarantee of that lease in his individual capacity. Gourmet Café and Appellant counterclaimed against Appellee in an amount in excess of the municipal court's jurisdiction and the case was transferred to the Summit County Court of Common Pleas. Appellant's counterclaim was filed on October 4, 2002.
 {¶ 3} On January 16, 2003, the trial court assigned the case to arbitration pursuant to S.C.C. Loc.R. 10. On April 17, 2003, the arbitrators filed their report in which they found in favor of Appellee in the amount of $9,050.60. The arbitrators' report and award stated a finding for "Plaintiff on Defendant's counterclaim." The trial court entered a final judgment adopting the report and award of the arbitrators on May 29, 2003. On appeal from that order, Appellant challenged a nunc pro tunc order issued by the court which found that the arbitrators' report and award pertained to both Appellant and Gourmet Café.
 {¶ 4} Upon review, this Court held that the trial court erred in concluding that the arbitration award applied to both Appellant and Gourmet Café, finding instead that the order only pertained to Gourmet Café. See Business Data Systems, Inc. v.Gourmet Café Corp., 9th Dist. No. 22096, 2005-Ohio-4.
 {¶ 5} On June 2, 2005, Appellee filed a dismissal pursuant to Civ.R. 41(A) dismissing its claims against Appellant. The only pending claim in this matter is Appellant's counterclaim against Appellee. On June 2, 2005, Appellee also filed a motion for judgment on the pleadings with respect to Appellant's counterclaim. Appellee attached the following documents to its motion: (1) Appellant's answer and counterclaim, (2) Gourmet Café's answer and counterclaim, (3) the report and award of the arbitrators, (4) the trial court's judgment entry adopting the arbitrators' award and (5) case law. In the motion, Appellee contended that the doctrine of res judicata precludes Appellant from relitigating the issues in the counterclaim because these issues were decided pursuant to the trial court's May 29, 2003 judgment. On June 3, 2005, Appellant filed a reply brief. The trial court granted Appellee's motion on June 13, 2005. Appellant timely appealed from this judgment entry, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN GRANTING JUDGMENT `ON THE PLEADINGS' WHERE EVIDENCE OUTSIDE OF THE PLEADINGS WAS CONSIDERED."
 {¶ 6} In his sole assignment of error, Appellant contends that the trial court erred in relying on evidence outside of the pleadings in granting Appellee's motion for judgment on the pleadings. We agree.
 {¶ 7} A Civ.R. 12(C) motion for judgment on the pleadings has been characterized as a belated Civ.R. 12(B)(6) motion for failure to state a claim upon which relief may be granted, and the same standard of review is applied to both motions. Gawloskiv. Miller Brewing Co. (1994), 96 Ohio App.3d 160, 163. The trial court's inquiry is restricted to the material allegations in the pleadings and any attachments thereto. Id. Furthermore, the trial court must accept material allegations in the pleadings and all reasonable inferences as true. Id. An exception exists which permits consideration of documents attached and incorporated into pleadings. See Civ.R. 10(C). This Court reviews such motions under the de novo standard of review. Hunt v. Marksman Prod.
(1995), 101 Ohio App.3d 760, 762.
 {¶ 8} A reviewing court will reverse judgment on the pleadings if the plaintiff can prove any set of facts which will entitle it to relief. Id. Here, the trial court had before it Appellee's complaint with copies of the parties' lease application and equipment lease agreement attached thereto as Exhibit A, Appellant's answer and counterclaim, Gourmet Café's answer and counterclaim, and Appellee's answers to Appellant and Gourmet Café's counterclaims.
 {¶ 9} The trial court's dismissal of Appellant's counterclaim is clearly based on orders that were neither attached nor incorporated into the pleadings and thus fails as a dismissal under Civ.R. 12(C). In particular, the trial court considered the arbitrators' award in favor of Appellee and against Appellant and the trial court's final judgment in which it adopted this order. In fact, in its June 13, 2005 order granting Appellee's motion for judgment on the pleadings, the trial court references these orders:
"In the instant matter, the Court finds that there has already been a valid judgment on the merits. * * * The Court clearly adopted the arbitrators' Report and Award in its May 29, 2003 Order. It is clear from the record that there was a prior judgment on the merits involving the identical issues raised in Figetakis' Counterclaim."
Notably, all of these documents arose more than two years after the operative pleadings were filed. It follows, therefore, that the trial court based its dismissal on matters outside the pleadings — the aforementioned attachments to the motion for judgment on the pleadings. Although neither party asked that the trial court treat the motion for judgment on the pleadings as a motion for summary judgment so that documents outside of the pleadings could be considered, the court treated Appellee's motion as such. In the case of a motion to dismiss filed under Civ.R. 12(B), the court can treat the motion to dismiss as a motion for summary judgment.[1] However, Civ.R. 12(B) was unavailable to Appellee because such a motion must be filed prior to filing an answer. The trial court, therefore, improperly converted Appellee's motion into a summary judgment motion as "[n]o mechanism exists under the civil rules to convert a Civ.R. 12(C) motion to one for summary judgment[.]" First Bank ofMarietta v. Mitchell (Nov. 29, 1983), 4th Dist. Nos. 82 X 5, 82 X 14, at *4; Piersant v. Bryngelson (1989), 61 Ohio App.3d 359,363.
 {¶ 10} Civ.R. 12(C) presents an onerous burden for litigants and consequently, a trial court must be circumspect in its analysis of Civ.R. 12(C) motions. Civ.R. 12(C) clearly confines the trial court's analysis to the material allegations set forth in the pleadings and any attachments thereto, which the trial court must accept as true. Id. Furthermore, the trial court must deny the motion if the plaintiff can prove any set of facts
which will entitle it to relief. Here the trial court considered documents that originated after the pleadings were filed and were not, therefore, incorporated into the pleadings. Because we find that such documents cannot be considered in a Civ.R. 12(C) motion, we find that the trial court erred in granting Appellee's motion for judgment on the pleadings. See Hammerschmidt v. WyantWoods Care Center (Dec. 27, 2000), 9th Dist. No. 19779.
 {¶ 11} In addition, to the extent that the trial court dismissed the claims against Appellee as barred by res judicata, we find error. The doctrine of res judicata is not grounds for dismissal pursuant to Civ.R. 12(C). See State ex rel. Freeman v.Morris (1991), 62 Ohio St.3d 107, 109; Black v. Wadsworth Bd.of Edn. (Aug. 22, 2001), 9th Dist. No. 3126-M, at *2; Nelson v.Pleasant (1991), 73 Ohio App.3d 479, 482. Rather, the proper mode for raising the defense of res judicata is through a motion for summary judgment after an answer is filed. Brown v. Vaniman
(Aug. 20, 1999), 2d Dist. No. 17503, at *4. "Proper application of the doctrine of res judicata requires that the identical cause of action shall have been previously adjudicated in a proceeding with the same parties, in which the party against whom the doctrine is sought to be imposed shall have had a full and fair opportunity to litigate the claim." (Italics sic.) Id. A trial court generally cannot make the factual determinations necessary to determine whether res judicata bars the action without looking outside the pleadings.
 {¶ 12} Appellee cites two cases from this Court,Hammerschmidt, supra, and Warner Cable Comm., Inc. v. Neusser
(Oct. 6, 1993), 9th Dist. No. 16106, to support its contention that Appellant's counterclaim was properly dismissed under the doctrine of res judicata. Upon examination of these cases, we find that they are distinguishable.
 {¶ 13} In Hammerschmidt, this Court held that judgment on the pleadings was properly granted where the claim was barred by res judicata. Hammerschmidt, supra, at *2. In so finding, this Court took judicial notice of a prior judgment of the Medina Court of Common Pleas that was dispositive of the res judicata issue because the prior "judgment was incorporated into the pleadings and was set forth in the pleadings as an affirmative defense." Id. at *1. Here, the operative judgments could not be incorporated into the pleadings, which were filed in 2002, because the judgments were entered after the pleadings were filed. Unlike this case, the trial court in Hammerschmidt did not look outside the pleadings to dispose of the matter.
 {¶ 14} In Neusser, we affirmed the trial court's order granting judgment on the pleadings on the basis of res judicata.Neusser, supra. However, in contrast to the within matter, there is no indication that we based our decision in Neusser on documents that were not attached and/or incorporated into the pleadings. Id. at *2. Unlike this case, the order relied upon inNeusser existed prior to the filing of the complaint. Id. at *1-2.
 {¶ 15} In addition, Appellee contends that even if the trial court erred in granting its motion, the error is harmless under the doctrine of substantial justice. Appellee effectively argues that the trial court's judgment should be upheld even if the trial court erred in granting the Civ.R. 12(C) motion because it would have prevailed on this claim anyway. We find no merit in this contention.
 {¶ 16} "Civ.R. 61 sets forth the harmless error rule in civil cases, providing that no error or defect in any ruling is, `ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice.'" Chieffo v. YSDIndustries, Inc., 157 Ohio App.3d 182, 2004-Ohio-2481, at ¶ 24.
 {¶ 17} The Ohio Supreme Court has held that it is reversibleerror for a trial court to convert a motion to dismiss into a motion for summary judgment without providing notice to the parties. (Emphasis added). State ex rel. Boggs v. SpringfieldLocal School Dist. Bd. of Edn. (1995), 72 Ohio St.3d 94, 96. As we held herein, the trial court improperly converted Appellee's motion into a summary judgment motion as "[n]o mechanism exists under the civil rules to convert a Civ.R. 12(C) motion to one for summary judgment[.]" First Bank of Marietta, supra, at *4;Piersant, 61 Ohio App.3d at 363. However, even if the trial court had authority to convert the Civ.R. 12(C) motion into one for summary judgment, the trial court gave no notice of its intention to do so and the court's failure to provide notice is reversible error. Consequently, Appellee's harmless error argument is not well taken.
 {¶ 18} As we find that trial court erred in granting Appellee's motion for judgment on the pleadings, we sustain Appellant's sole assignment of error.
 III. {¶ 19} Appellant's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Whitmore, P.J., Boyle, J., Concur.
[1] "When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56." Civ.R. 12(B).