DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas that granted appellees' motions for judgment on the pleadings and dismissed the matter for lack of subject matter jurisdiction. For the following reasons, the judgment of the trial court is affirmed. *Page 2 
 {¶ 2} The undisputed facts relevant to this appeal are as follows. In October 2003, appellant Susan Kuhn sustained an injury arising out of her employment with appellant Schmidt Bros., Inc. ("Schmidt"). Appellant timely filed for workers' compensation benefits through the Bureau of Workers' Compensation ("bureau"). She was assigned claim number 03-885621. The bureau allowed her claim for cervical sprain and cervical disc displacement. In August 2005, under the same claim number, appellant requested temporary total disability benefits for the period from April 7, 2004 to November 17, 2005. The administrator allowed the request and a district hearing officer subsequently affirmed that grant. Schmidt appealed and, by decision issued April 19, 2006, a staff hearing officer vacated the district hearing officer's decision, thereby denying appellant's request for temporary total disability benefits. On May 12, 2006, another staff hearing officer refused appellant's appeal of the April 19, 2006 order. In July 2006, appellant timely filed an appeal from the May 2006 order with the Lucas County Court of Common Pleas. In their answers, the bureau and Schmidt asserted the affirmative defense of failure to state a claim upon which relief can be granted. The bureau also asserted the defense of lack of subject matter jurisdiction. Appellees then filed motions for judgment on the pleadings asserting that appellant's appeal failed to state a claim.
 {¶ 3} By judgment entry filed June 14, 2007, the trial court granted appellees' motions and sua sponte dismissed the appeal for lack of subject matter jurisdiction. *Page 3 
 {¶ 4} As her first assignment of error, appellant states: "The court erred in overruling appellant's appeal on the issue of appellant's right it [sic] to appeal the denial of such worker compensation benefits."
 {¶ 5} R.C. 4123.512 provides that a party may appeal an order of the industrial commission "* * * other than a decision as to the extent ofdisability * * *" to the court of common pleas in the county where the injury occurred. (Emphasis added.)
 {¶ 6} Appellant's argument appears to challenge the trial court's application of R.C. 4123.512 to her appeal from the denial of her request for temporary total benefits. The trial court found that appellant's grievance in her appeal to that court was with the bureau's refusal to allow her temporary total disability benefits and thus implicates "extent of disability" rather than her right to participate in the fund.
 {¶ 7} "The only decisions reviewable pursuant to R.C. 4123.519 [now R.C. 4123.512] are those decisions involving a claimant's right to participate or continue to participate in the fund." Afrates v. City ofLorain et al. (1992), 63 Ohio St.3d 22, paragraph one of the syllabus. The industrial commission's decision to grant or deny additional benefits under an existing claim is not subject to appeal. Newell v.TRW, Inc./Kelsay-Hayes Co. (2001), 145 Ohio App.3d 198. Ohio courts have held that a claim for temporary total disability benefits amounts to an extent-of-disability issue rather than a right-to-participate issue. See, e.g., Cafeo v. Internatl. Truck Engine Corp., 2d Dist. No. 2003 CA 20, 2003-Ohio-4837, ¶ 3, 10-11; Martin v. Louisiana-PacificCorp. (1996), 113 Ohio App.3d 332, 336. *Page 4 
 {¶ 8} The trial court in this case found that the pleadings did not indicate that the May 12, 2006 order terminated appellant's right to participate in the workers' compensation fund and found also that it should therefore grant judgment on the pleadings and dismiss the appeal for lack of subject matter jurisdiction. Based on the foregoing, we find that the trial court did not err by dismissing appellant's appeal and, accordingly, appellant's first assignment of error is not well-taken.
 {¶ 9} As her second assignment of error, appellant states: "Appellees utilized an improper motion format under the Ohio Civil Rules to seek dismissal of appellant's appeal at the common pleas court level."
 {¶ 10} Appellant appears to argue that appellees' motion for judgment on the pleadings should have been considered as a motion for summary judgment. However, no legal authority exists in Ohio for a trial court to convert a Civ.R. 12(C) motion into one for summary judgment. SeePiersant v. Bryngelson (1989), 61 Ohio App.3d 359, 362. Further, as to appellant's claim that the trial court should not have considered an affidavit submitted by appellees, the trial court properly noted that a court may consider pertinent materials outside the pleadings when determining subject matter jurisdiction. See Newell, supra, at 200. It is clear from the record that the issue of subject matter jurisdiction was before the trial court. Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 11} On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas is *Page 5 
affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J. CONCUR. *Page 1