JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, Hector Ortiz ("Ortiz"), brings this appeal challenging the dismissal of his case by the trial court. After a thorough review of the record, and for the reasons set forth below, we reverse and remand.
 Pertinent Facts {¶ 2} On March 30, 2004, Ortiz, an employee of appellee, GS Metal Products ("GS"), was injured in the course and scope of his employment when he fell, thereby sustaining an injury to his left wrist. He filed for worker's compensation benefits, and a claim was allowed for "Sprain Left Wrist Non-Specific." (Claim No. 04-816509). Ortiz received medical treatment and was disabled from work. In the course of examination and treatment, it was noted that there was a healed fracture in his wrist. At the time of his 2004 injury, GS paid Ortiz "wages in lieu of compensation." His estimated return to work date was in May 2004, and Ortiz did return to work.
 {¶ 3} Between July 12, 2004 and June 2007, Ortiz sought no further medical treatment for his wrist, and his claim became inactive.[1] In July 2007, Ortiz sought medical attention because he was experiencing persistent pain in his left wrist. Dr. Todd Hochman, the doctor who evaluated Ortiz's left wrist in *Page 4 
2007, requested that Ortiz's claim be reactivated, that Ortiz obtain an orthopedic consultation, and that Ortiz seek authorization to obtain a radio nuclide bone scan.
 {¶ 4} Ortiz then filed a request with the BWC to reactivate his allowed Left Wrist Sprain claim. On September 24, 2007, a hearing was held on Ortiz's request for an orthopedic consultation. The District Hearing Officer denied Ortiz's claim, stating that there was a three-year gap in treatment for Ortiz's soft tissue injury and that his current complaints were not related to his March 30, 2004 injury. On November 5, 2007, Ortiz appealed this decision to the Staff Hearing Officer, who affirmed the order denying his reactivation. On December 13, 2007, on subsequent appeal to the Industrial Commission of Ohio ("ICO"), the ICO affirmed the denial of Ortiz's request for reactivation.
 {¶ 5} On February 8, 2008, Ortiz filed a Complaint in Appeal of the ICO's decision in the Cuyahoga Court of Common Pleas, pursuant to R.C. 4123.512. GS filed a motion to dismiss Ortiz's complaint for lack of subject matter jurisdiction. GS argued that the appeal "implicates [Ortiz's] extent of disability under his workers' compensation claim," rather than a right to participate issue; therefore, the trial court lacked subject matter jurisdiction under R.C. 4123.512. On July 8, 2008, the trial court granted GS's motion to dismiss, without opinion. *Page 5 
 {¶ 6} On July 17, 2008, Ortiz filed his appeal of the trial court's decision. He cites one assignment of error for our review.
 Review and Analysis {¶ 7} "I. The trial court erred when it granted defendant's motion to dismiss."
 {¶ 8} In his sole assignment of error, Ortiz argues that the trial court has jurisdiction to hear his appeal because he is challenging the ICO's denial of his request to reactivate his claim because it effectively terminates his right to participate in the workers' compensation fund for additional treatment. We agree.
 {¶ 9} After a party files a Civ. R. 12 (B) (1) motion to dismiss, the trial court must determine whether the complaint contains allegations of a cause of action that the trial court has authority to decide.Crestmont Cleveland Partnership v. Ohio Dept of Health (2000),139 Ohio App.3d 928, 746 N.E.2d 222. The Ohio Supreme Court has further noted that the "trial court is not confined to the allegations of the complaint when determining its subject-matter jurisdiction pursuant to a Civ. R. 12(B)(1) motion to dismiss, and it may consider material pertinent to such inquiry." Southgate Dev. Corp. v. Columbia GasTransmission Corp. (1976), 48 Ohio St.2d 211, 358 N.E.2d 526, paragraph one of the syllabus.
 {¶ 10} We apply a de novo review to the trial court's decision on a motion to dismiss for lack of subject matter jurisdiction.Crestmont at 936. *Page 6 
 {¶ 11} As noted above, Ortiz appealed the ICO's order to the trial court. Under R.C. 4123.512, [2] claimants and employers can appeal Industrial Commission orders to the trial court only when the order grants or denies the claimant's right to participate. State ex rel.Liposchak v. Indus. Comm., 90 Ohio St.3d 276, 278, 2000-Ohio-73,737 N.E.2d 519. Determinations as to the extent of a claimant's disability are not appealable and must be challenged in mandamus.Liposchak, at 278-279.
 {¶ 12} The question at issue here is whether the common pleas court had jurisdiction to hear an appeal from a decision awarding or denying workers' compensation benefits.
 {¶ 13} R.C. 4123.512, formerly codified as R.C. 4123.191(A), has been interpreted to permit jurisdictional review only for decisions involving a claimant's right to participate or to continue to participate in the compensation fund, not decisions that only relate to the extent of the injury. Felty v. ATT Technologies, Inc., 65 Ohio St.3d 234, 237,1992-Ohio-60, 602 N.E.2d 1141, citing Afrates v. Lorain (1992),63 Ohio St.3d 22, 584 N.E.2d 1175, paragraph one of the syllabus. The Industrial Commission's decision to grant or deny additional benefits under an existing claim is not subject to appeal. State ex rel. Evans v. *Page 7 Indus. Comm. of Ohio, 64 Ohio St.3d 236, 1992-Ohio-8, 594 N.E.2d 609, paragraph two of the syllabus. However, an order which permanently forecloses further benefits under a claim that has been filed is appealable. Id.
 {¶ 14} In Newell v. TRW, Inc. (2001), 145 Ohio App.3d 198,762 N.E.2d 419, a claimant was denied further medical treatment because the Staff Hearing Officer found that "there [was] no need for treatment relative to the residuals of the *** industrial injury." The Newell court held that "the order of the Staff Hearing Officer clearly foreclosed any further benefits to [the claimant]. Whether it was due to intervening `stresses,' successful treatment, or a lack of a compensable disability, [the claimant] was barred from further participation in the fund for this claim." Thus, the Newell court held that the common pleas court had jurisdiction to hear the claimant's appeal. Id.
 {¶ 15} Similarly, we find that Ortiz was denied further treatment for his left wrist sprain because the hearing officer determined there was no need for treatment. By affirming the hearing officer's determination, the ICO effectively barred Ortiz from further participation in the fund for his claim.
 {¶ 16} We find that the trial court erred in granting GS's motion to dismiss. The trial court had subject matter jurisdiction to hear an appeal of the ICO's order in this case. Ortiz's sole assignment of error is sustained.
 {¶ 17} Judgment reversed and cause remanded for further proceedings consistent with this opinion. *Page 8 
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, J., CONCUR; MARY EILEEN KILBANE, P.J., CONCURS IN JUDGMENT ONLY.
[1] A Bureau of Workers' Compensation ("BWC") claim automatically becomes inactive 13 months after the last medical payments or indemnity payments are made.
[2] R.C. 4123.512(A) provides, in material part: "The claimant or the employer may appeal an order of the industrial commission [granting or denying workers' compensation benefits] in any injury or occupational disease case, other than a decision as to the extent of disability to the court of common pleas of the county in which the injury was inflicted ***." *Page 1