[Cite as *Brown v. Bur. of Workers' Comp.*, 2011-Ohio-3695.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 96209**

---

## EDWIN O. BROWN, JR.

PLAINTIFF-APPELLANT

vs.

## BUREAU OF WORKERS' COMP., ET AL.

DEFENDANTS-APPELLEES

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-736193

**BEFORE:** Cooney, J., Kilbane, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 28, 2011

**ATTORNEYS FOR APPELLANT**

Michael H. Gruhin
Gloria S. Gruhin
Gruhin & Gruhin
2000 Auburn Drive, 2nd Floor
Beachwood, Ohio 44122


**ATTORNEYS FOR APPELLEES**

**For Greater Cleveland RTA**

Sheryl King Benford
General Counsel G.C.R.T.A.

Lisa Anne Cottle
Associate Counsel
Greater Cleveland RTA
1240 West 6th Street
Cleveland, Ohio 44113

**For Bureau of Workers' Compensation**

Michael Dewine
Ohio Attorney General
30 East Broad Street
State Office Tower
Columbus, Ohio 43215

Michael J. Zidar
Assistant Attorney General
Workers' Compensation Sect.
615 W. Superior Ave., 11th Floor
Cleveland, Ohio 44113

COLLEEN CONWAY COONEY, J.:

{¶ 1}   Plaintiff-appellant, Edwin O. Brown, Jr. ("Brown"), appeals the trial court's judgment dismissing his complaint against defendant-appellee, the Greater Cleveland Regional Transit Authority ("RTA").   Finding no merit to the appeal, we affirm.

{¶ 2}   In 1995, while employed by RTA, Brown sustained a work-related injury to his left knee.   Brown's workers' compensation claim was approved.   After attempting to return to work, Brown took full disability leave in 1997.   Brown managed his injury with "self-treatment and over the counter medications" for the last 13 years.

{¶ 3}   In 2010, Brown's orthopedic doctor submitted a request to reactivate Brown's 1995 claim in order to cover medical treatments.   The request was denied by RTA.   The claim proceeded to a hearing by the Ohio Industrial Commission ("OIC").   The OIC district hearing officer denied Brown's claim, finding that the proposed treatment was "not related to the allowed conditions in this claim."   Brown appealed this decision, and the matter was heard by a staff hearing officer, who also affirmed the denial.

{¶ 4}   Brown then filed an appeal and a complaint in the court of common pleas, naming both RTA and the Administrator of the Ohio Bureau of Workers' Compensation. RTA filed a motion to dismiss pursuant to Civ.R. 12(B)(1), claiming that the trial court lacked subject matter jurisdiction over Brown's claim because R.C. 4123.512 precludes an appeal

from a decision of the OIC relating to questions of "extent of disability." The court granted the motion.

**{¶ 5}** It is from this dismissal that Brown now appeals, raising one assignment of error.

**{¶ 6}** In his sole assignment of error, Brown argues that the trial court erred in granting RTA's motion to dismiss. Brown claims that the denial of his claim constitutes a complete bar to all future treatment and, therefore, a termination of his right to participate in the workers' compensation fund. RTA argues that the trial court committed no error in dismissing Brown's claim because it was not allowed under R.C. 4123.512(A).

**{¶ 7}** We apply a de novo standard of review to the trial court's granting of a motion to dismiss under Civ.R. 12(B)(1) for lack of subject matter jurisdiction. See *Internatl. Total Serv., Inc. v. Garlitz*, Cuyahoga App. No. 90441, 2008-Ohio-3680, ¶6, citing *Dzina v. Avera Internatl. Corp.*, Cuyahoga App. No. 86583, 2006-Ohio-1363, and *Madigan v. Cleveland*, Cuyahoga App. No. 93367, 2010-Ohio-1213, ¶20, citing *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶5. Under this standard of review, we must independently review the record and afford no deference to the trial court's decision. *Herakovic v. Catholic Diocese of Cleveland*, Cuyahoga App. No. 85467, 2005-Ohio-5985.

**{¶ 8}** R.C. 4123.512(A) provides that a:

"claimant * * * may appeal an order of the industrial commission made under division (E) of section 4123.511 of the Revised Code in an injury or occupational disease case, other than a decision as to the extent of disability to the court of common pleas of the county in which the injury was inflicted * * *."

{¶ 9} Thus, an injured worker may only appeal a decision involving the "right to participate" in the workers' compensation fund. See *White v. Conrad*, 102 Ohio St.3d 125, 2004-Ohio-2148, 807 N.E.2d 327, at ¶10-13; *State ex rel. Liposchak v. Indus. Comm.* (2000), 90 Ohio St.3d 276, 278-279, 737 N.E.2d 519; *Felty v. AT&T Technologies, Inc.* (1992), 65 Ohio St.3d 234, 239, 602 N.E.2d 1141.

{¶ 10} The only right-to-participate question that is subject to judicial review is "whether an employee's injury, disease, or death occurred in the course of and arising out of his or her employment." *Liposchak* at 279; *Felty*, paragraph two of the syllabus; *Afrates v. Lorain* (1992), 63 Ohio St.3d 22, 584 N.E.2d 1175, paragraph one of the syllabus; *State ex rel. Evans v. Indus. Comm.* (1992), 64 Ohio St.3d 236, 594 N.E.2d 609. An OIC decision that pertains to the extent of the claimant's disability is not appealable to the court of common pleas. Such a decision must be challenged in an action for mandamus. *Liposchak*; *Thomas v. Conrad* (1998), 81 Ohio St.3d 475, 477, 692 N.E.2d 205; *Felty*, paragraph two of the syllabus. "Once the right of participation for a specific condition is determined * * *, no subsequent rulings, *except a ruling that terminates the right to participate*, are appealable * *

\*." (Emphasis added.)  *Felty v. AT&T Technologies, Inc.* (1992), 65 Ohio St.3d 234, 602 N.E.2d 1141, paragraph two of the syllabus.

{¶ 11} An order terminates an employee's right to participate when the order permanently forecloses the employee from receiving any further benefits under the recognized claim.  Id. at 239.

> "Ordinarily, an order regarding payment or authorization of specific medical treatment deals with the extent of the employee's disability and does not foreclose the employee from receiving further compensation under the recognized claim."  *Ballinger v. Conrad* (2000), Cuyahoga App. No. 76969, Blackmon, J., dissenting.

{¶ 12} However, an order that permanently forecloses further benefits under a claim that has been filed is appealable.  *Evans*, paragraph two of the syllabus.

{¶ 13} In the instant case, Brown argues that the decision to deny his request for coverage of certain treatments, a request that would reactivate his 1995 dormant claim, effectively terminates his right to participate in the fund.  However, in *Evans*, the Ohio Supreme Court explicitly held:

> "The Industrial Commission's refusal to reactivate benefits under an existing claim does not finalize the disallowance of the employee's claim because that decision does not foreclose all future compensation under that claim.  For this reason, the Industrial Commission's decision to deny or grant additional benefits under a previous claim does not determine the worker's right to participate in the State Insurance Fund, and is not subject to appeal pursuant to R.C. 4123.519."  Id. at 240.

{¶ 14} In addition, the Ohio Supreme Court found in *Felty* that:

"[R]equests by a litigant for additional activity in a case, for temporary suspension of a claim, or for one of the myriad interlocutory orders the commission may issue in administering a case are not 'claims.' For example, a decision by the commission to allow or deny additional compensation for a previously allowed condition when there is no new condition is not appealable because it goes to the extent of the injury — there is no new claim." Id. at 239.

{¶ 15} Brown relies on a Sixth District case, *Newell v. TRW, Inc.* (2001), 145 Ohio App.3d 198, 762 N.E.2d 419, to support his claim that the denial terminated his right to participate. In *Newell*, the claimant was denied further medical treatment because the hearing officer found that "there [was] no need for treatment relative to the residuals of the * * * industrial injury," and the temporary total disability was denied. The *Newell* court held that this finding barred Newell from all future participation. Thus, the court held that the common pleas court had jurisdiction to hear the claimant's appeal.

{¶ 16} Similarly, in *Ortiz v. G & S Metal Products Co.*, Cuyahoga App. No. 91811, 2009-Ohio-1781, this court found that the trial court erred in dismissing a workers' compensation claim in which the hearing officer determined that Ortiz "no longer needed treatment" for his pre-existing injury to his wrist and thus foreclosed him from further benefits.

{¶ 17} However, Brown's reliance on *Newell* and *Ortiz* is misplaced because his case is factually distinguishable. Brown's OIC denial does not contain any language that indicates

"no need for treatment" and that would permanently bar his participation in the workers' compensation fund. Brown's OIC denial stated, in pertinent part:

> "District Hearing Officer finds the requested treatment is not reasonably related and/or medically necessary for treatment of the allowed condition in this claim based upon the addendum report of Dr. Levy date 04/05/2010.

> "District Hearing Officer further denies the C-9 dated 04/19/2010 requesting retroactive authorization for reactivation of claims, including payment of the 11/09/2009 office visit, as the 11/09/2009 visit and subsequent treatment to the left knee is not related to the allowed conditions in this claim."

{¶ 18} Pursuant to *Evans*, we find that the language of Brown's denial does not constitute a complete termination of his participation in the fund. Moreover, Brown did not allege a new injury in his attempt to reactivate his pre-existing claim. The language of the denial clearly illustrates that the commission's decision did not terminate Brown's entire claim, but merely denied coverage for the specific treatment. Having denied coverage of that medical treatment, there was no reason to reactivate his claim. This denial in no way prevents Brown from filing subsequent requests for coverage and if/when those requests are reasonably related to and/or medically necessary, his claim will be reactivated. See *Ochs v. Bur. of Workers' Comp.*, Cuyahoga App. No. 93824, 2010-Ohio-2103, appeal not allowed, 126 Ohio St.3d 1586, 2010-Ohio-4542, 934 N.E.2d 357. Brown's denial was based purely on an "extent of injury" issue that is not appealable to the court of common pleas under R.C. 4123.512. Thus, the trial court committed no error in dismissing the complaint.

{¶ 19} Accordingly, Brown's sole assignment of error is overruled.

Judgment affirmed.

It is ordered that appellees recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

MARY EILEEN KILBANE, A.J., and
SEAN C. GALLAGHER, J., CONCUR