[Cite as *State ex rel. Sevilla v. Cocroft*, 2013-Ohio-5550.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Jesus Sevilla, | : | |
| Relator, | : | No. 13AP-617 |
| v. | : | (REGULAR CALENDAR) |
| Judge Kimberly Cocroft, | : | |
| Respondent. | : | |

# D E C I S I O N

## Rendered on December 17, 2013

*Jesus Sevilla,* pro se.

*Ron O'Brien*, Prosecuting Attorney, and *Sean T. McCullough,* for respondent.

IN PROCEDENDO

McCORMAC, J.

{¶ 1}  Relator, Jesus Sevilla, commenced this original action requesting a writ of procedendo ordering respondent, the Honorable Judge Kimberly Cocroft of the Franklin County Court of Common Pleas, to rule on a motion submitted by relator on August 1, 2012.

{¶ 2}  This court referred the matter to a magistrate pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the appended decision, including findings of fact and conclusions of law. The magistrate found that respondent on July 22, 2013 ruled on the motion that is the subject of this action. Accordingly, the magistrate recommended that this court dismiss relator's complaint.  No objections were filed to the magistrate's decision.

{¶ 3} Following independent review, pursuant to Civ.R. 53, we find the magistrate has properly determined the pertinent facts and applied the salient law to them. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, we grant respondent's motion for judgment on the pleadings and dismiss this action.

*Motion for judgment on the pleadings granted;*
*action dismissed.*

SADLER and DORRIAN, JJ., concur.

McCORMAC, J., retired, formerly of the Tenth Appellate District, assigned to active duty under authority of the Ohio Constitution, Article IV, Section 6(C).

_____

[Cite as *State ex rel. Sevilla v. Cocroft*, 2013-Ohio-5550.]

# APPENDIX

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Jesus Sevilla, | : | |
| Relator, | : | No. 13AP-617 |
| v. | : | (REGULAR CALENDAR) |
| Judge Kimberly Cocroft, | : | |
| Respondent. | : | |

---

## M A G I S T R A T E ' S   D E C I S I O N

### Rendered on August 7, 2013

---

*Jesus Sevilla,* pro se.

*Ron O'Brien*, Prosecuting Attorney, and *Sean T. McCullough,* for respondent.

---

### IN PROCEDENDO
### ON MOTION FOR JUDGMENT ON THE PLEADINGS

{¶ 4}   Relator, Jesus Sevilla, has filed this original action requesting that this court issue a writ of procedendo ordering respondent the Honorable Judge Kimberly Cocroft, judge of the Franklin County Court of Common Pleas, to rule on a motion for production of evidence relator filed in his underlying common pleas court action on August 1, 2012.

Findings of Fact:

{¶ 5}  1. Relator is an inmate currently incarcerated at Chillicothe Correctional Institution.

{¶ 6}  2. On July 17, 2013, relator filed the instant action seeking a writ of procedendo to compel respondent to rule on a pending motion.

{¶ 7}  3. On July 23, 2013, respondent filed her answer asserting that the matter was now moot.  Specifically, respondent asserted:

> Respondent admits that Relator filed a "Motion for Production of Evidence" on August 1, 2012 in the underlying case styled *State v. Sevilla,* Franklin C.P. No. 05CR-4630 (August 24, 2006). Respondent further asserts that she ruled on Relator's above referenced motion, through its Entry, filed July 22, 2013, which is attached hereto as **Exhibit A**. Respondent denies the remaining averments.

(Emphasis sic.)

{¶ 8}  4. Respondent attached to her answer the July 22, 2013 entry denying relator's motion for production of evidence.

{¶ 9}  5. The matter is currently before the magistrate for review.

<u>Conclusions of Law</u>:

{¶ 10} For the reasons that follow, it is this magistrate's decision that this court should grant respondent's motion.

{¶ 11} In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require that court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law.  *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64, 65 (1996).  A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment.  *Id.*

{¶ 12} An " 'inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.' "  *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 35 (1995), quoting *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 110 (1994).

{¶ 13} Procedendo is an order from a court of superior jurisdiction to proceed to judgment: it does not attempt to control the inferior court as to what the judgment should

be.  *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462 (1995).

{¶ 14} When construing a motion for judgment on the pleadings pursuant to Civ.R. 12(C), this court must construe as true all material allegations in the complaint, together with all reasonable inferences which can be drawn from those allegations.  *State ex rel. Peterson v. Teodosio,* 34 Ohio St.2d 161, 165 (1973).  As a general rule, the determination of a motion for judgment on the pleadings is restricted solely to the allegations in the pleadings.  *Id.*  However, an exception exists which permits the consideration of documents which are attached to and incorporated into the pleadings.  Civ.R. 10(C) and *Business Data Sys., Inc. v. Figetakis,* 9th Dist. No. 22783, 2006-Ohio-1036.

{¶ 15} As noted in the findings of fact, respondent attached a copy of the entry denying relator's motion for production of evidence.

{¶ 16} It is well-established that a writ of procedendo will not issue to compel the performance of a duty which has already been performed.  *State ex rel. Graham v. Niemeyer,* 106 Ohio St.3d 466, 2005-Ohio-5522.  Inasmuch as respondent has ruled on the motion, the matter is now moot.

{¶ 17} Based on the forgoing, it is this magistrate's decision that this court should grant respondent's motion for judgment on the pleadings and dismiss relator's complaint.

/S/ MAGISTRATE
STEPHANIE BISCA BROOKS

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).