[Cite as *A&H Grocery, L.L.C. v. Ohio Dept. of Health*, 2016-Ohio-7063.]

| | |
|---|---|
| A&H GROCERY, LLC<br><br>    Plaintiff<br><br>    v.<br><br>OHIO DEPARTMENT OF HEALTH<br><br>    Defendant | Case No. 2015-00848<br><br>Judge Patrick M. McGrath<br>Magistrate Holly True Shaver<br><br><u>ENTRY GRANTING DEFENDANT'S<br>MOTION FOR JUDGMENT ON THE<br>PLEADINGS</u> |

{¶1} On July 20, 2016, defendant filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C).  On August 4, 2016, plaintiff filed a response.

{¶2} Civ.R. 12(C) states: "After the pleadings are closed but within such times as not to delay the trial, any party may move for judgment on the pleadings." "Determination of a motion for judgment on the pleadings is restricted solely to the allegations in the pleadings and any writings attached to the complaint." *Fontbank, Inc. v. CompuServe, Inc.*, 138 Ohio App.3d 801, 807 (10th Dist.2000), citing *Peterson v. Teodosio*, 34 Ohio St.2d 161, 165 (1973).  "Civ.R. 12(C) may be employed by a defendant as a vehicle for raising the several defenses contained in Civ.R. 12(B) after the close of the pleadings. * * * Pursuant to Civ.R. 12(C), the pleadings must be construed liberally and in a light most favorable to the party against whom the motion is made along with the reasonable inferences drawn therefrom. * * * A Civ.R. 12(C) motion presents only questions of law, and it may be granted only when no material factual issues exist, and the movant is entitled to a judgment as a matter of law." *Burnside v. Leimbach,* 71 Ohio App.3d 399, 402-403 (10th Dist.1991).[1]  "The standard of review for

---

[1]On August 12, 2016, defendant filed a reply to its motion and attached exhibits to support its arguments.  However, unlike a Civ.R. 12(B)(6) motion, a motion for judgment on the pleadings cannot be converted to a motion for summary judgment.  *Piersant v. Bryngelson*, 61 Ohio App. 3d 359 (8th Dist.1989).  Therefore, defendant's reply and the exhibits attached thereto shall not be considered by the court.

a dismissal pursuant to Civ.R. 12(B)(1) is whether any cause of action cognizable by the forum has been raised in the complaint." *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80 (1989). "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ.R. 12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling it to recovery." *O'Brien v. Univ. Community Tenants Union, Inc.,* 42 Ohio St.2d 242 (1975), syllabus.

{¶3} According to its complaint, plaintiff, A&H Grocery, LLC, owns and operates a retail grocery store in Columbus, Ohio. In 2011, plaintiff became a Women, Infants, and Children (WIC) authorized retail vendor pursuant to O.A.C. 3701-42-03. Under the WIC program, authorized retail vendors purchase WIC-approved products, sell them to WIC program consumers, and are reimbursed for those sales by defendant, Ohio Department of Health.

{¶4} On August 20, 2014, plaintiff initiated the renewal process of its WIC retail vendor contract by submitting a renewal application to defendant for the contract term of January 1, 2015 through December 31, 2017. On January 14, 2015, plaintiff received notice that defendant had denied plaintiff's application. Plaintiff then ceased all WIC sales activities. However, from January 1 through January 14, 2015, plaintiff had sold $10,190.12 of WIC products for which it was not reimbursed.

{¶5} Plaintiff requested an administrative appeal of the application denial, and a hearing was held on March 24, 2015 pursuant to O.A.C. 3701-42-09. On April 16, 2015, the hearing officer reversed the denial of plaintiff's application, stating: "[t]he decision of the Director to deny a WIC Retail Vendor application filed by A&H Grocery Store/Hamarweyne Grocery Store is not valid, and therefore the application should be granted for the period beginning January 1, 2015." (Exhibit to Plaintiff's complaint, p. 5.) The administrative hearing is final and not subject to further administrative proceedings. O.A.C. 3701-42-09(H).

{¶6} After the hearing officer's decision, plaintiff requested reimbursement for the WIC sales that it incurred from January 1-14, 2015. Defendant has refused to reimburse plaintiff. Plaintiff seeks either a judgment against defendant in the amount of $10,190.12, or an order from this court compelling defendant to abide by the hearing officer's April 16, 2015 decision, plus attorney fees and costs.

{¶7} In its answer, defendant admits that on January 14, 2015, plaintiff received notice that defendant had denied plaintiff's WIC retail vendor application for the period commencing January 1, 2015. Defendant also admits that plaintiff requested reimbursement of the $10,190.12, and that defendant has refused to reimburse plaintiff for its January 1-14, 2015 WIC sales. In its motion, defendant asserts that this court lacks jurisdiction over plaintiff's claim. The court agrees.

{¶8} "'R.C. 2743.02(A)(1) makes clear that the Court of Claims has jurisdiction to render judgment only as to those complaints which, prior to the enactment of the Court of Claims Act, were precluded by state immunity.'" *Interim Health Care of Columbus, Inc. v. Ohio Dept. of Admin. Servs.,* 10th Dist. Franklin No. 07AP-747, 2008-Ohio-2286, ¶ 12, quoting *Stauffer v. Ohio Dept. of Transp.,* 63 Ohio App.3d 248, 251 (10th Dist.1989).

{¶9} "Actions in mandamus or for injunctive or declaratory relief were maintainable against the state prior to the adoption of the Court of Claims Act. Therefore, such actions for equitable relief are not affected by the Court of Claims Act and may be brought in the court of common pleas." *Ohio Edison Co. v. Ohio Dept. of Transp.,* 86 Ohio App.3d189, 192 (10th Dist.1993). A claim for equitable relief may be brought before the Court of Claims only if it arises out of the same circumstances as a claim for money damages which is permitted by the state's waiver of immunity. *Upjohn Co. v. Ohio Dept. of Human Servs.,* 77 Ohio App.3d 827,834 (10th Dist.1991).

{¶10} "Not every claim for monetary relief constitutes 'money damages.' * * * Unlike a claim for money damages where a plaintiff recovers damages to compensate,

or substitute, for a suffered loss, equitable remedies are not substitute remedies, but an attempt to give the plaintiff the very thing to which it was entitled. Such remedies represent a particular privilege or entitlement, rather than general substitute compensation." *Interim Healthcare, supra,* at ¶ 15. (Internal citations omitted.) "A suit that seeks the return of specific funds wrongfully collected or held by the state is brought in equity. Thus, a court of common pleas may properly exercise jurisdiction over the matter as provided in R.C. 2743.03(A)(2)." *Santos v. Ohio Bur. of Workers' Comp.,* 101 Ohio St.3d 74, 2004-Ohio-28, at syllabus. "([T]he mere title given to an action is not dispositive of where the action is properly commenced." *Swaney v. Bur. of Workers' Comp.,* 10th Dist. Franklin No. 98AP-299, 1998 Ohio App. LEXIS 5415, at 4 (Nov. 10, 1998).

{¶11} The gravamen of plaintiff's complaint is that it is entitled to reimbursement for the WIC product sales it incurred from January 1-14, 2015, before it received notice that its renewal application had been denied. Pursuant to the hearing officer's decision, plaintiff asserts that defendant should have reimbursed it for the WIC sales during that period of time. Plaintiff essentially argues that defendant has wrongfully withheld moneys to which it was entitled. Although it couches its complaint in a claim for money damages, the court finds that plaintiff's claim is equitable in nature.

{¶12} Moreover, "[a]n action in the Court of Claims cannot become a substitute for a statutorily created right of appeal in a different court." *Swaney, supra,* at 3. "To hold otherwise would allow the Court of Claims to function as a court of review with the power to overrule an administrative decision by collateral attack. * * * The Court of Claims lacks such appellate jurisdiction." *George v. Dept. of Human Servs.,* 10th Dist. Franklin No. 04AP-351, 2005-Ohio-2292, ¶ 35.

{¶13} Based upon the foregoing, the court concludes that plaintiff's claim is one for equitable relief over which this court lacks jurisdiction. Accordingly, defendant's July 20, 2016 motion for judgment on the pleadings is GRANTED and plaintiff's complaint is

DISMISSED.    All previously scheduled events are VACATED.    Court costs are assessed against plaintiff.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK M. MCGRATH
Judge

cc:

John A. Yaklevich                              Frank S. Carson
100 East Main Street                      Assistant Attorney General
Columbus, Ohio 43215                    150 East Gay Street, 18th Floor
                                                        Columbus, Ohio 43215-3130

**Filed August 16, 2016**
**Sent To S.C. Reporter 9/29/16**