[Cite as *Petrovich v. Auto Repair, Inc.*, 2017-Ohio-8731.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105216**

## ALEKSANDR PETROVICH

PLAINTIFF-APPELLANT

vs.

## AUTO REPAIR, INC.

DEFENDANT-APPELLEE

### JUDGMENT:
REVERSED AND REMANDED

Civil Appeal from the
Berea Municipal Court
Case No. 2016 CVI 01650

**BEFORE:** Keough, A.J., Celebrezze, J., and Jones, J.

**RELEASED AND JOURNALIZED:** November 30, 2017

**APPELLANT**

Aleksandr Petrovich, pro se
6100 Laurent Drive, Apt. 422
Parma, Ohio 44129


**ATTORNEYS FOR APPELLEE**

Melanie R. Irvin
Scott R. Heasley
Colleen A. Mountcastle
Gallagher Sharp
Bulkley Building, Sixth Floor
1501 Euclid Avenue
Cleveland, Ohio 44115

KATHLEEN ANN KEOUGH, A.J.:

{¶1} Plaintiff-appellant, Aleksandr Petrovich ("Petrovich"), appeals from the municipal court's judgment adopting the magistrate's decision finding that Petrovich failed to prove the allegations of his complaint by a preponderance of the evidence, and entering judgment for defendant-appellee, Auto Repair, Inc. ("Auto Repair"). We reverse and remand.

## I.   Background and Procedural History

{¶2} In August 2016, Petrovich filed a complaint against Auto Repair in the small claims division of the municipal court. Petrovich alleged that on June 13, 2016, as he was waiting in a left turn lane, one of Auto Repair's towing trucks drove by and hit the left rear view mirror on his car. Petrovich sought money damages for the property damage to his vehicle, and reimbursement for rental car expenses and lost wages incurred while he got his car fixed. On his complaint, Petrovich listed his address as 6100 Laurent Drive, #422 in Parma, Ohio.

{¶3} On October 5, 2016, the magistrate held a hearing at which the parties gave testimony and presented evidence. Following the hearing, the magistrate entered a decision finding that Petrovich "failed to prove by a preponderance of the evidence the allegations in the complaint." The decision noted that its opinion was based on the "testimony and exhibits" but made no specific findings of fact.

{¶4} The record reflects that the municipal court sent a copy of the magistrate's decision to Petrovich at 3100 Laurent Drive, #422 in Parma. The envelope was returned

to the municipal court on October 14, 2016, with a notation "No Such Number, Unable to Forward." The municipal court entered the return on its docket but apparently did nothing to ensure that Petrovich received a copy of the magistrate's decision. On October 26, 2016, the trial court entered judgment that "no objection having been filed by either party, the magistrate's decision is hereby adopted as the order of the court."

{¶5} On November 28, 2016, Petrovich filed a notice of appeal of the trial court's decision. The municipal court subsequently advised Petrovich that it was unable to process his request for a DVD of the court hearing before the magistrate because "due to technical problems, the hearings that took place on October 5, 2016 were not recorded." This court subsequently granted Petrovich's motion to change the praecipe from an App.R. 9(B) record (which requires a transcript of the trial court proceedings) to an App.R. 9(C) statement of the evidence or proceedings.

{¶6} On February 7, 2017, Petrovich filed a statement of evidence to be settled and approved by the municipal court pursuant to App.R. 9(C). Auto Repair filed objections to the statement of evidence. On March 8, 2017, the magistrate entered a decision finding that "appellant's statement of evidence is not approved" because appellant's "attempt to transcribe the 'actual testimony' and what went on at the trial is not correct." The trial court subsequently issued a judgment affirming the magistrate's decision. This court then struck Petrovich's App.R. 9(C) statement of the evidence because it was not settled and approved by the trial court as required by App.R. 9(C).

## II. Law and Analysis

{¶7}   In his first assignment of error, Petrovich contends that the trial court erred in granting judgment to Auto Repair because he was denied an opportunity to object to the magistrate's decision.   In his second assignment of error, Petrovich contends that the trial court erred in finding that he failed to prove the allegations of his complaint by a preponderance of the evidence.

{¶8} Civ.R. 53 governs proceedings before a magistrate and the trial court's duties in accepting or rejecting a magistrate's rulings.   A party has 14 days from the issuance of a magistrate's decision to file objections with the trial judge; the objections are to be specific and state with particularity the grounds of objection.   Civ.R. 53(D)(3)(b)(ii). The party who objects to the magistrate's factual findings has the duty to provide a transcript of the evidence relevant to the findings to the trial court, or an affidavit of that evidence.   Civ.R. 53(D)(3)(b)(iii).   Pursuant to Civ.R. 53(D)(3)(b)(iv), except for a claim of plain error, a party that fails to object to the magistrate's decision may not assign as error on appeal the trial court's adoption of any of the magistrate's factual findings or legal conclusions.

{¶9} Auto Repair argues that because Petrovich did not object to the magistrate's decision, he has waived all arguments on appeal except for plain error.   It argues further that because Petrovich is challenging the magistrate's factual findings but did not file a transcript or an affidavit of the evidence, this court should overrule Petrovich's assignments of error and affirm the trial court.

{¶10}   The record clearly reflects, however, that Petrovich never received the

magistrate's decision. Although the municipal court sent the decision to Petrovich, it mailed it to him at an address other than the one he gave the municipal court when he filed his complaint. The record also reflects that as of October 14, 2016, the municipal court was aware that Petrovich had not received the magistrate's decision, but did nothing to rectify its error and ensure that he received the decision in order to make timely objections.

{¶11} Because Petrovich never objected to the magistrate's decision, he never filed in the trial court a transcript or an affidavit of the evidence that this court could review in resolving his assignments of error. Petrovich attempted to remedy the lack of a transcript by filing an App.R. 9(C) statement of the evidence and proceedings.

{¶12} An App.R. 9(C) statement was not appropriate, however, because Petrovich never objected to the magistrate's decision. Where a party fails to follow the procedures set forth in Civ.R. 53(D)(3)(b)(iii) for objecting to a magistrate's factual findings by providing a transcript or affidavit of the evidence to the trial court, it may not later provide an App.R. 9(C) statement to the appellate court in lieu of the transcript or affidavit of evidence. This is because an appellate court cannot consider evidence that the trial court did not have when it made its decision. *State ex rel. Pallone v. Ohio Court of Claims*, 143 Ohio St.3d 493, 2015-Ohio-2003, 39 N.E.2d 1220, ¶ 11, citing *Herbert v. Herbert*, 12th Dist. Butler No. CA2011-07-132, 2012-Ohio-2147, ¶ 13-15.[1]

---

[1] Although we acknowledge that an App.R. 9(C) statement of evidence was not the appropriate vehicle to establish the evidence in this case, we remind the trial court that when a proposed statement of the evidence is properly submitted pursuant to App.R. 9(C), and objections

{¶13} We note that the magistrate's decision made no factual findings; it merely made a legal conclusion that Petrovich had failed to prove the allegations of his complaint by a preponderance of the evidence. Thus, it would have been difficult for Petrovich to object to any factual finding. But because he never received the magistrate's decision, he was never given the opportunity to either object to the decision or, as permitted by Civ.R. 53(D)(3)(a)(ii), to request within seven days after the issuance of the magistrate's decision that the magistrate issue findings of fact and conclusions of law that could form the basis for his objection to the decision.

{¶14} We find the municipal court's error in sending the magistrate's decision to an obviously incorrect address and, despite its knowledge that Petrovich had not received the decision, its subsequent failure to ensure that Petrovich timely received the decision so that he could exercise his rights under Civ.R. 53, to be a denial of Petrovich's procedural due process rights. Such denial prevented him from timely objecting to the magistrate's decision. Accordingly, we cannot, as Auto Repair urges, overrule Petrovich's assignments of error on the basis that he failed to object to the magistrate's decision and file an affidavit of the evidence in the trial court.

---

thereto are filed, the court may not merely refuse to approve the statement. "[I]t is the court's function to decide what evidence was presented and, if necessary, to amend the proposed statement to conform to the evidence as [the court] found it to be." *Graphic Laminating, Inc. v. Creative Ents., Inc.*, 8th Dist. Cuyahoga No. 38030, 1978 Ohio App. LEXIS 8291, *12 (Dec. 7, 1978). In this case, Auto Repair objected to the substance of the proposed statement of evidence, but the magistrate entered a decision merely stating that the proposed App.R. 9(C) statement was "not approved." The trial court affirmed the magistrate's decision. Such a decision is error; the court must settle and approve the statement of the proceedings if any objections thereto are posed. *Id.*; *see also Joiner v. Illuminating Co.*, 55 Ohio App.2d 187, 196, 380 N.E.2d 361 (8th Dist.1978).

**{¶15}** The decision of the trial court affirming the magistrate's decision is therefore reversed, and the matter is remanded. Within seven days of the date of this decision, Petrovich may file a request that the magistrate issue findings of fact and conclusions of law. *See* Civ.R. 53(D)(3)(b)(ii). He may file objections to the magistrate's decision within 14 days after the magistrate's findings of facts and conclusions of law are filed. *See* Civ.R. 53(D)(3)(b)(iii). Because the municipal court has acknowledged that a DVD of the proceedings before the magistrate is not available, Petrovich may file an affidavit describing the evidence within 30 days after filing his objections. *See* Civ.R. 53(D)(3)(b)(iii).

**{¶16}** Judgment reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, ADMINISTRATIVE JUDGE

FRANK D. CELEBREZZE, JR., J., and
LARRY A. JONES, SR., J., CONCUR