[Cite as *Edwards v. Kelley*, 2021-Ohio-2933.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

LINNIE EDWARDS,                                    :

    Plaintiff-Appellant,                    :

                                    No. 110116

    v.                                              :

CHRISTOPHER M. KELLEY,                 :

    Defendant-Appellee.                   :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:**  August 26, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-935668

---

***Appearances:***

Richard E. Hackerd, *for appellant.*

Reminger Co., L.P.A., Andrew J. Dorman, and Aaren R. Host, *for appellee.*

SEAN C. GALLAGHER, J.:

{¶ 1}  Linnie Edwards appeals from a trial court decision granting judgment on the pleadings under Civ.R. 12(C) in favor of Christopher Kelley upon Edwards's legal malpractice claims.  We reverse the decision of the trial court and remand for further proceedings.

{¶ 2} In 2018, Edwards was sentenced to serve a one-year community control sanction for a felony of the fifth degree theft offense. *State v. Edwards*, 8th Dist. Cuyahoga No. 109104, 2020-Ohio-927, ¶ 17. While under supervision, Edwards committed a petty theft offense in Franklin County that culminated with a charge for a misdemeanor disorderly conduct. *Id.* This case presents the ultimate question of whether Kelley, who represented Edwards in her community control violation hearing, should have objected to a 12-month sentence based on what Edwards claims to have exceeded the limitations of R.C. 2929.15(B)(1)(c)(i), eff. March 22, 2019. At the time, the legislature capped sentences on community control sanction violations to 90 days for a violation that either consists of a misdemeanor offense or is considered a technical violation. In her violation case, the 12-month term of imprisonment was reversed by the *Edwards* panel, resulting in Edwards serving 76 days beyond the 90-day cap before posting bond to stay application of the sentence during the appeal. *Edwards* at ¶ 21-22.

{¶ 3} Following the favorable decision, Edwards filed a legal malpractice action against Kelley claiming that an attorney-client relationship was created when the trial court appointed Kelley to represent her, Kelley breached that duty when he failed to know the relevant sentencing law and failed object to the trial court's sentence, and as a result of Kelley's breach, the sentence exceeded the maximum by 76 days. *Krahn v. Kinney*, 43 Ohio St.3d 103, 105, 538 N.E.2d 1058 (1989).

{¶ 4} In the proceedings below, Kelley focused on the technical violation aspect of the violation sentencing statute and claims that Edwards's conduct did not

constitute a technical violation of her community control supervision, and therefore, he had no obligation to object to the sentence. According to Kelley, the misdemeanor offense was not the only violation considered at the hearing — a matter that could be determined from the transcript of that proceeding that is not part of the record.[1]

{¶ 5} As part of this appeal, Edwards claims that the *Edwards* panel concluded that her conduct constituted a nontechnical violation of the conditions of her community control. *Id.* at ¶ 17. The *Edwards* panel never reached that conclusion, however, expressly stating that "we need not consider whether appellant's failure to appear for the April 3, 2019 probation violation hearing constitutes a 'technical' violation of community control" because the offense Edwards committed while on community control was a misdemeanor. *Id.* at ¶ 18, citing R.C. 2929.15(B)(1)(c)(i), eff. March 22, 2019. R.C. 2929.15(B)(1)(c)(i), in effect at the time of Edwards's violation, provided that

> [i]f the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fifth degree or for any violation of law committed while under a community control sanction imposed for such a felony that consists of a new criminal offense and that is not a felony, the prison term shall not exceed ninety days.[2]

---

[1] Edwards attempted to supplement the appellate record, in part, to include the transcript of the community control violation hearing. We denied that request. An appellate court cannot consider evidence that the trial court did not have when it made its decision. *State ex rel. Pallone v. Ohio Court of Claims*, 143 Ohio St.3d 493, 2015-Ohio-2003, 39 N.E.2d 1220, ¶ 11, citing *Herbert v. Herbert*, 12th Dist. Butler No. CA2011-07-132, 2012-Ohio-2147, ¶ 13-15; *Petrovich v. Auto Repair, Inc.*, 8th Dist. Cuyahoga No. 105216, 2017-Ohio-8731, ¶ 12.

[2] R.C. 2929.15(B)(1)(c)(i) has since been amended, removing the reference to the commission of a misdemeanor offense. *Id.* Under R.C. 2929.15(E)(1), the commission of

Thus, the statute then provided two possible avenues for the offender to limit the sentencing exposure for community control violations. *Edwards* at ¶ 18. If the violation was either based on a technical violation of the terms of the community control or based on the commission of a misdemeanor offense, the sentence imposed on the violation could not exceed 90 days. According to the *Edwards* panel, the only violation considered during the community control violation hearing was the commission of the misdemeanor offense, and as a matter of law, the sentence for such a violation was statutorily capped at 90 days. *Id.* at ¶ 6.

{¶ 6} According to Kelley, Edwards misrepresented the basis of the community control violation in *Edwards*, and the violation was actually based on Edwards's systemically failing to abide by the terms of the community control sanction, and such conduct was not a technical violation triggering the 90-day sentencing limitation. In answering the malpractice complaint, Kelley attached several documents to his answer and counterclaim, including the docket and several journal entries from Edwards's criminal case. The trial court considered the materials, over Edwards's objection, and concluded that

> The plaintiff's claim before the court is very narrow *and can be decided as a matter of law* on the pleadings and the record of the underlying criminal case. Defendant Kelley represented plaintiff Edwards for a probation violation after the plaintiff Edwards failed to report to probation for four months, failed to appear for a probation violation hearing, resulting in the trial court issuing a capias, and where plaintiff was convicted of a subsequent crime. The court finds that the totality

a misdemeanor offense constitutes a violation of community control, and is no longer considered under the technical violation exception. Under that provision, only a minor misdemeanor would constitute a technical violation.

of the circumstances that led to plaintiff [Edwards's] sentence was non-technical.

(Emphasis added.) Thus, the trial court concluded, as a matter of law, that Kelley was entitled to a judgment in his favor after construing the evidence presented in the answer. The transcript from the community control violation hearing is not part of this record and, therefore, was not considered by the trial court.

{¶ 7} Civ.R. 12(C) states that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Because Civ.R. 12(C) motions test the legal basis for the claims asserted in a complaint, the appellate standard of review is de novo. S*tate ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 569, 664 N.E.2d 931 (1996). Determination of a motion for judgment on the pleadings is restricted solely to the allegations in the complaint and answer, as well as any material attached as exhibits to those pleadings. *Id.*; *State ex rel. Montgomery v. Purchase Plus Buyer's Group, Inc.*, 10th Dist. Franklin No. 01AP-1073, 2002-Ohio-2014.

{¶ 8} "Civ.R. 12(C) motions are specifically for resolving questions of law[,]" such as application of the statute of limitations affirmative defenses that appear on the face of the complaint or personal jurisdiction issues. *Whaley v. Franklin Cty. Bd. of Commrs.*, 92 Ohio St.3d 574, 581, 752 N.E.2d 267 (2001), citing *Nelson v. Pleasant*, 73 Ohio App.3d 479, 482, 597 N.E.2d 1137 (4th Dist.1991), and *Gawloski v. Miller Brewing Co.*, 96 Ohio App.3d 160, 163, 644 N.E.2d 731 (9th Dist.1994). Under Civ.R. 12(C), matters outside the pleading cannot be considered

because such motions are restricted to considering only the allegations contained within the four corners of the pleadings. *Peterson v. Teodosio*, 34 Ohio St.2d 161, 166, 297 N.E.2d 113 (1973); *Mendoza v. Seger*, 6th Dist. Lucas No. L-19-1071, 2019-Ohio-4284, ¶ 18, citing *Kuhn v. Schmidt Bros., Inc.*, 6th Dist. Lucas No. L-07-1235, 2008-Ohio-1567, ¶ 10, and *Piersant v. Bryngelson*, 61 Ohio App.3d 359, 362, 572 N.E.2d 800 (8th Dist.1989).

{¶ 9} The trial court, in this case, considered the evidence of Edwards's criminal proceedings because Kelley attached the court records to his answer, including the docket in the underlying criminal case; the August 6, 2019 journal entry sentencing appellant to 12 months; the March 11, 2019 journal entry setting appellant's first probation violation hearing; and the March 11, 2019 extension of appellant's probation. Attaching court documents to an answer, however, does not circumvent the limitation to solely reviewing the pleadings. The term "pleadings" as contemplated under Civ.R. 12(C) is expressly defined to consist of the complaint and answer, a reply to a counterclaim, an answer to a cross-claim, and a third-party complaint and an answer. *State ex rel. Leneghan v. Husted*, 154 Ohio St.3d 60, 2018-Ohio-3361, 110 N.E.3d 1275, ¶ 17, citing Civ.R. 7(A). Under Civ.R. 10(C), a "written instrument" attached to a complaint or answer also qualifies as part of the pleadings; however, not every document attached to a pleading constitutes a written instrument. *Id.* "'Written instrument' has primarily been interpreted to include documents that evidence the parties' rights and obligations, such as negotiable instruments, 'insurance policies, leases, deeds, promissory notes, and contracts.'"

*Id.*, citing *Inskeep v. Burton*, 2d Dist. Champaign No. 2007 CA 11, 2008-Ohio-1982, ¶ 17, and 1 Klein & Darling, *Baldwin's Ohio Practice* 744-745 (2004). The documentary evidence from Edwards's criminal case is not a "written instrument" that may be properly considered as part of the pleadings under Civ.R. 12(C).

{¶ 10} Further, a court cannot take judicial notice of evidence that cannot be considered under Civ.R. 12(C). Taking judicial notice of documentary evidence upon which the defendants' defenses are predicated does not obviate the limitation to what can be considered under Civ.R. 12(C). If a trial court could simply take judicial notice of evidence the defendants cannot rely upon within a Civ.R. 12 motion, such a practice would indelibly nullify the limitations of considering only that which is contained in the pleadings.

{¶ 11} At one time, the type of documents that could be attached to pleadings and considered under Civ.R. 12(C) was more fluid. Panels routinely accepted court filings or other documentary evidence that was capable of being recognized under the judicial notice doctrine. *See, e.g., Berryhill v. Khouri*, 8th Dist. Cuyahoga No. 109411, 2021-Ohio-504, ¶ 20; *Kobal v. Edward Jones Secs.*, 8th Dist. Cuyahoga No. 109753, 2021-Ohio-1088, ¶ 27*; see also Hammerschmidt v. Wyant Woods Care Ctr.*, 9th Dist. Summit No. 19779, 2000 Ohio App. LEXIS 6166 (Dec. 27, 2000); *Caghan v. Caghan*, 5th Dist. Stark No. 2014 CA 00094, 2015-Ohio-1787. For our purposes, those cases tended to rely on authority that ultimately predated *Husted*, 154 Ohio St.3d 60, 2018-Ohio-3361, at ¶ 17. In *Husted*, the Ohio Supreme Court unambiguously established a narrow reading of the "written documents" provision.

*Id.* This expressly includes the inability to consider court filings attached to a pleading. *Id.*, citing *State ex rel. Vandenbos v. Xenia*, 2d Dist. Greene No. 14-CA-14, 2015-Ohio-35, ¶ 14 ("orders and opinions from prior cases between the parties are not part of the pleadings"). In light of the more recent decision in *Husted*, which appears to have been inadvertently overlooked based on the limited arguments presented in *Berryhill* and *Kobal*, we are bound to apply *Husted* over any contradictory precedent.

{¶ 12} At the time Kelley filed his motion for judgment on the pleadings, the trial court had only set a case management conference. No trial or pretrial conference was scheduled. Under Civ.R. 56(B), Kelley was entitled to file a motion for summary judgment without leave of the court, relying on the documentary evidence. His decision to file a motion for judgment on the pleadings does not circumvent those procedural requirements. Since Edwards and the trial court considered Kelley's motion as one for judgment on the pleadings solely under Civ.R. 12(C), the error in relying on Kelley's framing of the issue cannot be deemed harmless. *See, e.g., Hersh v. Grumer*, 8th Dist. Cuyahoga No. 109430, 2021-Ohio-2582.

{¶ 13} Further, the transcript of the community control violation hearing is necessary to determining the underlying conduct that constituted the violation leading to the imposed sentence. The question is not what the trial court could have considered as a basis to find Edwards in violation of the terms of her community control sanction, but what the trial court considered to be the violation at the

hearing.  The nondescript sentencing entry related to the violation hearing simply provided: the "court finds defendant, Linnie Edwards, to be in violation of community control sanctions.  Defendant's community control sanction(s) in this case is/are terminated."  Since the transcript is not part of our appellate record, we must presume that the trial court did not consider the transcript in rendering its conclusion as to the basis for the violation.  In light of the procedural posture of the proceedings below, arising from a Civ.R. 12(C) motion for judgment on the pleadings, Edwards was under no obligation to provide evidence to rebut Kelley's claims.

{¶ 14} The decision granting the judgment on the pleadings in favor of Kelley is reversed, and the matter remanded for further proceedings.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

EMANUELLA D. GROVES, J., CONCURS;
MARY J. BOYLE, A.J., DISSENTS WITH SEPARATE OPINION

MARY J. BOYLE, A.J., DISSENTING:

{¶ 15} I respectfully dissent. Although I generally agree with the law set forth by the majority opinion, it is my view that this case presents a question of law, not fact, and thus, could be resolved by a Civ.R. 12(C) motion. Therefore, I would affirm the trial court's decision.

{¶ 16} Motions for judgment on the pleadings are governed by Civ.R. 12(C), which states, "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." *State ex rel. Pirman v. Money*, 69 Ohio St.3d 591, 592, 635 N.E.2d 26 (1994); *Trinity Health Sys. v. MDX Corp.*, 180 Ohio App.3d 815, 2009-Ohio-417, 907 N.E.2d 746 (7th Dist.). A judgment on the pleadings dismissing a case is proper where the trial court "(1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570, 664 N.E.2d 931 (1996). Civ.R. 12(C) therefore requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law. *Burnside v. Leimbach*, 71 Ohio App.3d 399, 403, 594 N.E.2d 60 (10th Dist.1991).

{¶ 17} The standards for Civ.R. 12(B)(6) and (C) motions are similar. *Pontious* at 569-570. Under Civ.R. 12(B)(6), a complaint may be dismissed only if the court (1) accepts all factual allegations as true, (2) draws all reasonable

inferences in favor of the nonmoving party, and (3) still concludes beyond doubt from the complaint that no provable set of facts warrants relief. *State ex rel. Williams Ford Sales, Inc. v. Connor*, 72 Ohio St.3d 111, 113, 647 N.E.2d 804 (1995).

{¶ 18} In *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247, 673 N.E.2d 1281 (1997), the Ohio Supreme Court stated that "[m]aterial incorporated in a complaint may be considered part of the complaint for purposes of determining a Civ.R. 12(B)(6) motion to dismiss." *Id.* at 249, fn.1. The Ohio Supreme Court considered the attachments incorporated to the relator's writ of mandamus, which consisted of various articles and studies, to affirm the lower court's dismissal of the writ. *Id.* at 249. Likewise, in *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 874 N.E.2d 516, the Ohio Supreme Court took judicial notice of an attachment to the complaint for writ of mandamus when determining whether the lower court's decision to dismiss the writ pursuant to a Civ.R. 12(B)(6) matter was appropriate. *Id.* at ¶ 5, 15. In doing so, the Ohio Supreme Court acknowledged that courts may take "judicial notice of public court records available on the [i]nternet." *Id.* at ¶ 8, citing *Leatherworks Partnership v. Berk Realty, Inc.*, N.D.Ohio No. 4:04 CV 0784, 2005 U.S. Dist. LEXIS 27887, 2 (Nov. 15, 2005). Although these cases came before *State ex rel. Leneghan v. Husted*, 154 Ohio St.3d 60, 2018-Ohio-3361, 110 N.E.3d 1275, the Ohio Supreme Court did not overrule them when deciding *Husted*.

{¶ 19} It is therefore my view that the majority is interpreting *Husted* too narrowly. The attachment to the complaint of writ of mandamus that was at issue

in *Husted* was an affidavit of the director of the Muskingum Board. Unlike the court records that were attached to Kelley's pleading in this case, the director's affidavit in *Husted* contained factual allegations that were not appropriate for judgment on the pleadings.

{¶ 20} The attachments in this case establish that the trial court in Edwards's criminal case issued a capias on April 3, 2019, when she failed to appear for a probation violation hearing. Edwards was not back in custody until approximately three months later. These documents establish that Edwards failed to report from at least sometime before March 11, 2019, when the parole violation hearing was scheduled, until she was apprehended in July 2019. This was sufficient to establish that Edwards's parole violation was nontechnical in nature pursuant to *State v. Neville*, 2019-Ohio-151, 128 N.E.3d 937 (8th Dist.), and *State v. Nelson*, 162 Ohio St.3d 338, 2020-Ohio-3690, 165 N.E.3d 1110. The fact that in *State v. Edwards*, 8th Dist. Cuyahoga No. 109104, 2020-Ohio-927, this court concluded that Edwards's misdemeanor conviction was a nontechnical violation is of no consequence here because we specifically stated in *Edwards* that our decision was limited to whether Kelley's misdemeanor conviction was a technical violation. *Id.* at ¶ 18. In this case, however, we are addressing a civil case of legal malpractice.

{¶ 21} It is also my view that for purposes of this case, it is irrelevant what the trial court considered to be the violation at the hearing. The attached judgment entries establish that Edwards absconded for at least five months. Thus, for purposes of construing all material allegations in Edwards's complaint and all

reasonable inferences to be drawn therefrom in Edwards's favor, it is my view that she can prove no set of facts that would entitle her to relief on her legal malpractice claim. Kelley is therefore entitled to judgment as a matter of law.

{¶ 22} Courts have also held that "[w]hile generally limited to the allegations stated in a complaint, a trial court may take judicial notice of 'appropriate matters' in considering a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim." *State ex rel. Banker's Choice, LLC v. Cincinnati*, 1st Dist. Hamilton No. C-200017, 2020-Ohio-6864, ¶ 7, citing *State ex rel. Neff v. Corrigan*, 75 Ohio St.3d 12, 16, 661 N.E.2d 170 (1996). Again, Civ.R. 12(B)(6) and (C) have similar standards, so this law would also apply to Civ.R. 12(C) motions. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Evid.R. 201(B). "A court may take judicial notice, whether requested or not." Evid.R. 201(C).

{¶ 23} It is axiomatic that courts may take judicial notice of their own docket. *Indus. Risk Insurers v. Lorenz Equip. Co.*, 69 Ohio St.3d 576, 580, 635 N.E.2d 14 (1994). However, a trial court cannot take judicial notice of court proceedings in another case. *Campbell v. Ohio Adult Parole Auth.*, 10th Dist. Franklin No. 97APE05-616, 1997 Ohio App. LEXIS 4829, 4 (Oct. 28, 1997). Similarly, "a trial court may not take judicial notice of prior proceedings in the court even if the same parties and subject matter are involved." *First Michigan Bank & Trust Co. v. P. & S. Bldg.*, 4th Dist. Meigs No. 413, 1989 Ohio App. LEXIS 527, 8-9 (Feb. 16, 1989).

"The rationale for the rule that a trial court cannot take judicial notice of proceedings in a separate action is that the appellate court cannot review the propriety of the trial court's reliance on such prior proceedings because that record is not before the appellate court." *Campbell* at 5, citing *The Deli Table, Inc. v. Great Lakes Mall*, 11th Dist. Lake No. 95-L-012, 1996 Ohio App. LEXIS 5930 (Dec. 31, 1996).

{¶ 24} Here, however, this court, as the reviewing court, can review the propriety of the trial court's reliance on the prior proceedings because the attachments are before us and publicly available on the internet. Therefore, it is my view that, alternatively, the trial court in this case could have taken judicial notice of the docket in Edwards's criminal case to grant Kelley's motion for judgment on the pleadings.

{¶ 25} I would therefore affirm the trial court's decision to grant Kelley judgment on the pleadings.