[Cite as *Edwards v. Kelley*, 2022-Ohio-3735.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

LINNIE EDWARDS,                          :

    Plaintiff-Appellant,           :

                                         No. 111172

    v.                              :

CHRISTOPHER KELLEY,                      :

    Defendant-Appellee.            :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 20, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-935668

---

### *Appearances:*

Richard E. Hackerd, *for appellant*.

Reminger Co., L.P.A., Holly Marie Wilson, Andrew J. Dorman, and Brianna Marie Prislipsky, *for appellee*.

CORNELIUS J. O'SULLIVAN, JR., J.:

{¶ 1} Plaintiff-appellant, Linnie Edwards, brings the instant appeal challenging the trial court's decision to grant summary judgment in favor of defendant-appellee, Christopher Kelley, an attorney who represented appellant in

underlying criminal proceedings. After a thorough review of the record and law, we affirm the trial court's judgment.

{¶ 2} In 2018, appellant was charged with theft, a fifth-degree felony in violation of R.C. 2913.02(A)(1). Pursuant to a plea agreement, appellant pleaded guilty and was sentenced to one year of community-control sanctions, with the first 60 days of the sentence to be in jail. The court informed appellant at the sentencing hearing and in the sentencing journal entry that a violation of the terms of her community control "may result in more restrictive sanctions, or a prison term of 12 month(s) as approved by law."

{¶ 3} Appellant failed to appear for an April 3, 2019 community-control sanction violation hearing, and a capias was issued. She was eventually arrested. On August 6, 2019, the trial court held a hearing during which the trial court noted that appellant had been convicted of disorderly conduct in Franklin County Municipal Court on April 29, 2019. Appellant admitted to violating the terms of her community control. The trial court found appellant to be in violation of her community-control sanctions, terminated community control, and sentenced her to 12 months in prison.

{¶ 4} Appellant appealed her sentence, arguing that her sentence was contrary to law. Appellant argued that the maximum sentence she could have received was 90 days pursuant to former R.C. 2929.15(B)(1)(c)(i),[1] which stated:

---

[1] The 2020 amendment by H.B. 1, effective April 12, 2021, rewrote R.C. 2929.15(B)(1).

(1) If the conditions of a community control sanction are violated or if the offender violates a law or leaves the state without the permission of the court or the offender's probation officer, the sentencing court may impose upon the violator one or more of the following penalties:

(c) A prison term on the offender pursuant to section 2929.14 of the Revised Code and division (B)(3) of this section, provided that a prison term imposed under this division is subject to the following limitations, as applicable:

(i) If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fifth degree or for any violation of law committed while under a community control sanction imposed for such a felony that consists of a new criminal offense and that is not a felony, the prison term shall not exceed ninety days.

Former R.C. 2929.15(B)(1)(c)(i).

{¶ 5} In response, the state filed a notice of conceded error. A panel of this court held that the 90-day limitation applied, and appellant's 12-month sentence was contrary to law. This court sustained the appeal and remanded the case for purposes of modifying appellant's sentence. *State v. Edwards*, 8th Dist. Cuyahoga No. 109104, 2020-Ohio-927, ¶ 23.

{¶ 6} Appellant subsequently filed a legal malpractice action against appellee claiming the attorney breached his duty as her counsel when he failed to object to the trial court's sentence, and because of that breach, her prison sentence exceeded the maximum sentence by 76 days. *See Edwards v. Kelley*, 2021-Ohio-2933, 178 N.E.3d 55, ¶ 3 (8th Dist.), citing *Krahn v. Kinney*, 43 Ohio St.3d 103, 105, 538 N.E.2d 1058 (1989).

{¶ 7} Appellee filed for judgment on the pleadings pursuant to Civ.R. 12(C), arguing that appellant's conduct in her criminal case did not constitute a technical

violation of her community-control supervision, and therefore, he had no obligation to object to the sentence. The trial court agreed and granted appellee's motion, dismissing the case.

{¶ 8} Appellant appealed and this court reversed, finding that the trial court improperly considered evidence outside the scope of Civ.R. 12(C). The court also noted that "the transcript of the community control violation hearing is necessary to determine the underlying conduct that constituted the violation leading to the imposed sentence." *Kelley* at ¶ 13. The case was remanded.

{¶ 9} On remand, appellee filed a motion for summary judgment. In support of his motion for summary judgment, appellee attached the docket from appellant's criminal case, *State v. Edwards*, Cuyahoga C.P. No. CR-17-824623-A, and the transcript from her August 6, 2019 probation-violation hearing.

{¶ 10} Appellant moved for an extension of time to file her brief in opposition to the motion in summary judgment and a motion for discovery pending summary judgment. The trial court denied the motion for discovery and granted the motion for an extension of time to file the brief in opposition.

{¶ 11} In an entry dated December 2, 2021, the trial court granted summary judgment in favor of appellee, finding that appellant's violations were not "mere technical violations" but were "substantial violations of her community control sanction[s]" and that appellee was entitled to judgment as a matter of law.

{¶ 12} It is from this entry that appellant filed her appeal, raising the following assignments of error for review:

I. The trial court incorrectly granted summary judgment denying Edwards her opportunity to pursue her legal malpractice claim.

II. The trial court abused its discretion when it denied Edward[s's] motion for discovery pending summary judgment.

**Law and Analysis**

{¶ 13} In the first assignment of error, appellant argues that the trial court erred in granting summary judgment. This court reviews a trial court's ruling on a motion for summary judgment de novo, applying the same standard as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). We accord no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. Under Civ.R. 56, summary judgment is appropriate when no genuine issue exists as to any material fact and, viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party, entitling the moving party to judgment as a matter of law.

{¶ 14} On a motion for summary judgment, the moving party carries an initial burden of identifying specific facts in the record that demonstrate his or her entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, the nonmoving party must then point to evidence of specific facts in the record demonstrating the existence of a genuine issue of material fact for trial. *Id.* at 293. If the nonmoving party fails to meet this burden, summary judgment is appropriate. *Id.*

{¶ 15} We are mindful that the Supreme Court of Ohio noted in *Peters v. B. & F. Transfer Co.*, 7 Ohio St.2d 143, 219 N.E.2d 27 (1966), "'[u]nder our law it is just as pernicious to submit a case to a jury and permit the jury to speculate with the rights of citizens when no question for the jury is involved, as to deny to a citizen his [or her] trial by jury when he [or she] has the right.'" *Id.* at paragraph eight of the syllabus, quoting *J. C. Penny Co. v. Robison*, 128 Ohio St. 626, 193 N.E. 401 (1934), paragraph six of the syllabus. Indeed, the Ohio Supreme Court has indicated that granting of summary judgement "should be encouraged in proper cases." *North v. Pennsylvania RR. Co.*, 9 Ohio St.2d 169, 171, 224 N.E.2d 757 (1967).

{¶ 16} Appellant argues that there are genuine issues of material fact that preclude summary judgment, including what specifically the violation was that appellant admitted to at her August 6, 2019 hearing, whether that violation was a technical violation, and whether appellee had knowledge of the 90-day cap under former R.C. 2929.15(B)(1)(c)(i). Distilled, appellant argues that appellee breached his duty by not objecting to her 12-month sentence.

{¶ 17} In *State v. Nelson*, 162 Ohio St.3d 338, 2020-Ohio-3690, 165 N.E.3d 1110, the Ohio Supreme Court defined a violation of a community-control sanction as a "nontechnical violation" if, considering the totality of the circumstances,

> the violation concerns a condition of community control that was "specifically tailored to address" matters related to the defendant's misconduct or if it can be deemed a "substantive rehabilitative requirement which addressed a significant factor contributing to" the defendant's misconduct.

*Id.* at ¶ 26, citing *State v. Davis*, 12th Dist. Warren No. CA2017-11-156, 2018-Ohio-2672.

{¶ 18} A violation is technical when the condition violated is akin to "an administrative requirement facilitating community control supervision." *Nelson* at *id.*, citing *Davis* at ¶ 18. "There is no single factor that determines whether a violation is technical or nontechnical." *Nelson* at *id.* "[T]he statute allows the trial court to engage in a practical assessment of the case before it, i.e., to consider the nature of the community-control condition at issue and the manner in which it was violated, as well as any other relevant circumstances in the case" before determining whether a violation is technical or nontechnical in nature. *Id.*

{¶ 19} In appellant's criminal case, the trial court issued a capias after she failed to appear at the April 3, 2019 hearing on her community-control sanction violation. Appellant was not apprehended for approximately three months and did not report during that time. While she was out on capias, appellant pleaded guilty to disorderly conduct in Franklin County Municipal Court stemming from an incident that happened at a Walmart. Appellee contends that this was sufficient to establish that her violation was nontechnical in nature pursuant to *Nelson,* and *State v. Neville*, 2019-Ohio-151, 128 N.E.3d 937 (8th Dist.); *see also Kelley*, 2021-Ohio-2933, 178 N.E.3d 55, at ¶ 20 (Boyle, J., dissenting). Appellant argues that the only violation she admitted to was the Franklin County conviction for disorderly conduct; therefore, the 90-day limitation under former R.C. 2929.15(B)(1)(c)(i) applied.

{¶ 20} In setting forth a prima facie case for legal malpractice, appellant must establish (1) an attorney-client relationship, (2) professional duty arising from

that relationship, (3) breach of that duty, (4) proximate cause, (5) and damages. *Shoemaker v. Gindlesberger*, 118 Ohio St.3d 226, 2008-Ohio-2012, 887 N.E.2d 1167, ¶ 8, citing *Vahila v. Hall*, 77 Ohio St.3d 14, 421, 674 N.E.2d 1164 (1997). A plaintiff must establish each of the elements; the failure to establish one of the elements is fatal to the claim. *See Williams-Roseman v. Owen*, 10th Dist. Franklin No. 99AP-871, 2000 Ohio App. LEXIS 4254 (Sept. 21, 2000).

{¶ 21} Appellant claims that appellee breached the applicable duty of care by failing to object to her 12-month sentence. Here, based on the totality of the circumstances, the trial court did not err in concluding that appellant's multiple and repeated violations of the terms of her community-control supervision were "nontechnical" in nature and therefore not subject to former R.C. 2929.15's 90-day cap. As such, appellee owed no duty to object to appellant's sentence.

{¶ 22} It is unclear why the state filed a notice of conceded error in *Edwards* and we are not here to divine their intent. However, as noted by Judge Boyle in her dissent in *Kelley*, it is immaterial what the trial court considered to be the violation at the hearing. *Kelly* at *id*. (Boyle, J., dissenting). Even if appellee had objected to the sentence, there is no evidence that the trial court would have sentenced appellant any differently. Any actions the state or court took after appellant's community-control sanction violation hearing should not be imputed to appellee.

{¶ 23} The first assignment of error is overruled.

{¶ 24} In the second assignment of error, appellant argues that the trial court erred when it denied her motion for discovery.

**{¶ 25}** Civ.R. 56(F) states:

> **When affidavits unavailable.** Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.

(Emphasis sic.)

**{¶ 26}** Thus, under Civ.R. 56(F), a party opposing a motion for summary judgment may request additional time to conduct discovery upon submitting an affidavit demonstrating a need for additional discovery for "essential" evidence. After appellant filed her brief in opposition to appellee's motion for summary judgment, appellant filed a motion asking the court to conduct additional discovery, but without submitting an affidavit stating that there was a genuine issue of material fact in dispute for which discovery was needed.

**{¶ 27}** "A motion for a continuance to conduct discovery under Civ.R. 56(F) must be supported by a proper affidavit." *Chase Home Fin., LLC v. Dougherty*, 10th Dist. Franklin No. 12AP-546, 2013-Ohio-1464, ¶ 14, citing *State ex rel. Coulverson v. Ohio Adult Parole Auth.*, 62 Ohio St.3d 12, 577 N.E.2d 352 (1991). If a proper affidavit is not submitted in support of the motion, the court cannot grant relief pursuant to Civ.R. 56(F). *Chase* at *id.*, citing *Coulverson*.

**{¶ 28}** In her motion, appellant stated that appellee's file and deposition testimony would be "relevant" to the pending motion for summary judgment. Appellant failed to provide an affidavit in support of her motion to the court.

{¶ 29} Accordingly, because appellant failed to follow proper procedure as set forth in Civ.R. 56(F) in requesting discovery, the trial court did not abuse its discretion in denying her motion.

{¶ 30} The second assignment of error is overruled.

{¶ 31} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
CORNELIUS J. O'SULLIVAN, JR., JUDGE

SEAN C. GALLAGHER, A.J., CONCURS (WITH SEPARATE CONCURRING OPINION);
EMANUELLA D. GROVES, J., CONCURS IN JUDGMENT ONLY

SEAN C. GALLAGHER, A.J., CONCURRING:

{¶ 32} Although I fully concur with the majority opinion and agree that the judgment of the trial court granting summary judgment in favor of Kelley should be affirmed, I write to further address this matter.

{¶ 33} On appeal from the 12-month sentence imposed on Edwards for a violation of the conditions of her community control, because the state conceded

that Edwards's disorderly conduct conviction was a misdemeanor, the panel concluded that the 90-day limitation under R.C. 2929.15(B)(1)(c)(i) applied and that the 12-month sentence was contrary to law. *State v. Edwards*, 8th Dist. Cuyahoga No. 109104, 2020-Ohio-927, ¶ 17-18 (hereafter "*Edwards*"). The panel did not consider whether Edwards's failure to appear for the violation hearing was a nontechnical violation or whether the totality of circumstances involved a nontechnical violation upon which the 12-month sentence was imposed. *See id.* at ¶ 18. As I previously observed, the only violation the *Edwards* panel considered was the commission of the misdemeanor offense; but according to Kelley, the violation was actually based on Edwards's systematically failing to abide by the terms of the community-control sanction, which Kelley argues is not a technical violation triggering the 90-day sentencing limitation provided under R.C. 2929.15(B)(1)(c)(i). *Edwards v. Kelley*, 2021-Ohio-2933, 178 N.E.3d 55, ¶ 6 (8th Dist.) (hereafter "*Kelley*"). Regardless of my belief that the state should not have conceded error in *Edwards* and that the circumstances underlying the imposition of the 12-month sentence should have been considered, the focus of this appeal must be on the civil claim of legal malpractice that has ensued. Simply put, Kelley should never have been put in this situation.

{¶ 34} In this appeal, we must consider whether summary judgment is warranted on Edwards's claim of legal malpractice, which is asserted to arise from the criminal representation provided by Kelley while representing Edwards at her community-control violation hearing. After being constrained by the procedural

posture of the case in *Kelley* and having to remand the matter for further proceedings, this court now has the transcript of the community-control violation hearing and docket entries from the criminal case in the record before us.

{¶ 35} The Supreme Court of Ohio has held that to establish legal malpractice based on negligent representation, a plaintiff must show "(1) that the attorney owed a duty or obligation to the plaintiff, (2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law, and (3) that there is a causal connection between the conduct complained of and the resulting damage or loss." *Vahila v. Hall*, 77 Ohio St.3d 421, 427, 674 N.E.2d 1164 (1997). Here, there is no question that an attorney-client relationship existed giving rise to a duty. The essential question is whether Kelley breached the applicable duty of care. The ultimate question presented is whether Kelley should have objected to a 12-month sentence based on what Edwards claims to have exceeded the limitations of R.C. 2929.15(B)(1)(c)(i).

{¶ 36} Edwards maintains that the record of the violation hearing shows she admitted only to the misdemeanor conviction, and she claims that "any lawyer would have argued that the violation was merely technical" and objected to the 12-month sentence that was imposed. Kelley points to additional circumstances that were placed on the record and maintains that he "did not object to the sentence, as there was no legal basis to do so given that Edwards's multiple violations constituted a total failure of her supervision and were therefore nontechnical and not subject to R.C. 2929.15(B)'s sentencing caps."

{¶ 37} The transcript of the violation hearing shows that the court was aware that Edwards was on probation for theft, a fifth-degree felony, she had been convicted of disorderly conduct while on supervision, and she failed to appear at the April 3, 2019 violation hearing. Further, the court was informed that Edwards was apprehended on a capias and booked into the county jail on July 25, 2019, which was nearly four months after the violation hearing.[2] After all these circumstances were presented, Kelley, on behalf of Edwards, admitted to the probation violation and presented mitigating circumstances. Although Edwards claims that she admitted only to a misdemeanor conviction, the record demonstrates the court considered all the circumstances presented in finding Edwards to be in violation of the terms of her community control and imposing the 12-month sentence.

{¶ 38} In *Nelson*, and *State v. Castner*, 163 Ohio St.3d 19, 2020-Ohio-4950, 167 N.E.3d 939, the Supreme Court of Ohio set forth and applied a framework for determining "technical" and "nontechnical" violations under R.C. 2929.15(B)(1)(c)(i).[3] The Supreme Court explained that "no single factor * * * determines whether a violation is technical or nontechnical" and that R.C. 2929.15(B)(1)(c) "allows the trial court to engage in a practical assessment of the case before it, i.e., to consider the nature of the community-control condition at issue

[2] As Judge Boyle aptly observed in her dissent in *Kelley*, "[t]his was sufficient to establish that Edwards's parole violation was nontechnical in nature * * *." *Kelley*, 2021-Ohio-2933, 178 N.E.3d 55, at ¶ 20, Boyle, J., dissenting, citing *State v. Neville*, 2019-Ohio-151, 128 N.E.3d 937 (8th Dist.); *State v. Nelson*, 162 Ohio St.3d 338, 2020-Ohio-3690, 165 N.E.3d 1110.

[3] It should be noted that these decisions were issued subsequent to the violation hearing and the *Edwards* decision. Nonetheless, they are instructive herein.

and the manner in which it was violated, as well as any other relevant circumstances in the case." *Nelson* at ¶ 26. As the majority herein concludes, "based on the totality of the circumstances, the trial court [herein] did not err in concluding that appellant's multiple and repeated violations of the terms of her community control supervision were 'nontechnical' in nature * * *."

{¶ 39} Upon the record presented, it can only be determined that Kelley did not breach the applicable standard of care because there was no reasonable basis for Kelley to object to the 12-month sentence imposed on Edwards. Moreover, the record demonstrates that Kelley met the standard of care in his professional representation of Edwards. Therefore, Kelley is entitled to summary judgment on the legal malpractice claim. I am not persuaded by any other argument presented and fully concur with the majority opinion.