[Cite as *Fauvel v. Pacific E. Coventry, Inc.*, 2025-Ohio-5631.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

TIFFANY FAUVEL, ET AL.,  :

    Plaintiffs-Appellants,  :

                   No. 114968

    v.  :

PACIFIC EAST COVENTRY, INC.,  :

    Defendant-Appellee.  :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** December 18, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-24-991782

---

***Appearances:***

Reid Levin, PLLC, and Reid Levin, *for appellants*.

Randall M. Traub, *for appellee*.

WILLIAM A. KLATT, J.:

{¶ 1} Plaintiffs-appellants Tiffany Fauvel ("Fauvel") and Alexander Cohen ("Cohen") appeal from the trial court's granting of judgment on the pleadings in favor of defendant-appellee Pacific East Coventry, Inc. ("Pacific East"). For the following reasons, we reverse and remand.

**Factual and Procedural History**

{¶ 2} On January 24, 2024, Fauvel and Cohen filed a complaint alleging negligence and loss of consortium against Pacific East. The complaint arose from an August 6, 2022 incident. That day, the eve of Fauvel and Cohen's wedding, they ordered sushi from Pacific East's restaurant in Cleveland Heights, Ohio. Their complaint alleged that as Fauvel was chewing and swallowing her sushi, she "felt a sharp pain that caused her to reach into her mouth and pull out several one-inch-long bones." The complaint further alleged that although Fauvel removed some bones from her mouth, she did not successfully expel all the bones. The remaining bones led her to experience pain in her throat, chest, and sternum, and Fauvel went to the emergency room. At the emergency room, Fauvel underwent chest and neck x-rays and was taken to the intensive care unit, where she was given multiple doses of morphine, intubated, and given anesthesia.

{¶ 3} The complaint alleged that Fauvel was released from the hospital on August 7, 2022 — her wedding day — around 1 p.m. The complaint alleged that upon her release, Fauvel was tired, weak, and in pain, such that she struggled to stand, speak, or stay awake. The complaint further alleged that Fauvel and Cohen cancelled their honeymoon, and Fauvel returned to the emergency room days later with further complications.

{¶ 4} On February 12, 2024, Pacific East filed an answer.

{¶ 5} On May 1, 2024, Fauvel and Cohen filed a motion to stay discovery based on a pending case in the Ohio Supreme Court, *Berkheimer v. REKM, L.L.C.*,

2024-Ohio-2787 ("*Berkheimer* II"), that would determine the applicable standard in the underlying case. The trial court granted this motion.

{¶ 6} On May 29, 2024, Pacific East filed a motion for judgment on the pleadings. On June 11, 2024, Fauvel and Cohen filed a brief in opposition to Pacific East's motion for judgment on the pleadings.

{¶ 7} On July 5, 2024, the Ohio Supreme Court released its decision in *Berkheimer* II.

{¶ 8} On October 17, 2024, Pacific East filed a supplemental brief in support of its motion for judgment on the pleadings, citing *Berkheimer* II. On October 22, 2024, Fauvel and Cohen filed a response in opposition to Pacific East's supplemental brief.

{¶ 9} On March 5, 2025, the trial court granted Pacific East's motion for judgment on the pleadings. In a corresponding journal entry, the court stated, in relevant part:

> A Civ.R. 12(C) motion for judgment on the pleadings presents only questions of law. *Shingler v. Provider Servs Holdings, L.L.C.*, 8th Dist. Cuyahoga No. 106683, 2018-Ohio-2740, ¶ 17, citing *Whaley v. Frankin Cty. Bd. Of Commrs.*, 92 Ohio St.3d 574, 581-582, 752 N.E.2d 267 (2002). Dismissal of a complaint is appropriate under Civ.R. 12(C) when, after construing all material allegations in the pleadings, along with all reasonable inferences drawn therefrom in favor of the plaintiff, the court finds that the plaintiff can prove no set of facts in support of his or her claim that would entitle the plaintiff to relief. *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 569, 664 N.E.2d 931 (1996); *Socha v. Weiss*, 2017-Ohio-7610, 97 N.E.3d 818, ¶ 9 (8th Dist.). Construing all facts in favor of the plaintiff and finding no set of facts in support of their claim remains, the court hereby grants defendant Pacific East Mayfield, Inc.'s motion for judgment on the pleadings in its entirety.

{¶ 10} Fauvel and Cohen filed a timely notice of appeal and now present one assignment of error for our review:

> The trial court erred as a matter of law by granting judgment on the pleadings.

**Law and Analysis**

{¶ 11} Under Civ.R. 12(C), "'[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.'" *Crenshaw v. Howard*, 2022-Ohio-3914, ¶ 12 (8th Dist.).

> Dismissal of a complaint is appropriate under Civ.R. 12(C) when, after construing all material factual allegations in the pleadings as true and all reasonable inferences that can be drawn therefrom in favor of the plaintiff, the court finds, beyond doubt, that the plaintiff could prove no set of facts in support of his or her claims that would entitle the plaintiff to relief.

*Id.* at ¶ 13, citing *New Riegel Local School Dist. Bd. of Edn. v. Buehrer Group Architecture & Eng., Inc.*, 2019-Ohio-2851, ¶ 8, citing *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 1996-Ohio-459.

{¶ 12} "Where, as here, the relevant pleadings are a complaint and answer, determination of a motion for judgment on the pleadings is restricted solely to the allegations in the complaint and answer, as well as any documents properly attached as exhibits to those pleadings," of which there were none in this case. *Id.* at ¶ 13, citing *Edwards v. Kelly*, 2021-Ohio-2933, ¶ 8 (8th Dist.).

{¶ 13} Because "[a] motion for judgment on the pleadings raises only questions of law, testing the legal sufficiency of the claims asserted . . . we review a trial court's decision to grant a motion for judgment on the pleadings de novo." *Id.*,

citing *Edwards, Johnson v. Johnson*, 2020-Ohio-1381, ¶ 11 (8th Dist.), and *New Reigel* at ¶ 8.

{¶ 14} In food-based negligence cases such as this one, the Ohio Supreme Court in *Berkheimer* II has held that courts must undertake a blended analysis, considering both the reasonable expectation test and the foreign-natural test. *Berkheimer* II at ¶ 13. In the reasonable expectation test, courts consider whether "a reasonable consumer would expect to encounter and thus would guard against the injurious substance — that is, if the substance is within a consumer's reasonable expectation of what might be present in the food — the supplier could not be said to have violated its duty of care." *Id.* at ¶ 16. In the foreign-natural test, the question is "whether the injurious substance found in the food was foreign to or natural to the food." *Id.* at ¶ 15, citing *Allan v. Grafton*, 170 Ohio St. 249, 252-254 (1960). Under the foreign-natural test, "[i]f there was an injurious foreign substance in a food, the food was not reasonably fit to eat and the supplier breached its duty of care." *Id.* at *id.*, citing *Allen* at 253. In *Berkheimer* II, the Ohio Supreme Court declined to adopt one test to the exclusion of the other and effectively reaffirmed the longstanding rule from *Allen* stating:

> To determine whether a supplier of food breached its duty of care by failing to eliminate an injurious substance from the food, we look to whether the presence of the substance was something that the consumer could have reasonably expected and thus could have guarded against. And whether the substance was foreign to or natural to the food is relevant to determining what the consumer could have reasonably expected.

*Berkheimer* II at ¶ 18.

{¶ 15} Before applying this blended analysis to the facts of this case, we note that in *Berkheimer* II, the plaintiff sued a restaurant, food supplier, and chicken farm after he sustained injuries from consuming a chicken bone that was present in "boneless wings" served by the restaurant. All three defendants in *Berkheimer* II filed motions for judgment on the pleadings, which the trial court granted. *Id.* at ¶ 8. Subsequently, the Twelfth District Court of Appeals reversed the trial court's judgment, concluding that "'[t]he trial court [had] lacked the facts necessary to determine beyond doubt that Berkheimer could prove no set of facts that may entitle him to relief.'" *Id.*, quoting *Berkheimer v. REKM, L.L.C.*, 2018-Ohio-2668, ¶ 17 (12th Dist.) ("*Berkheimer* I"). The case was remanded to the trial court, which subsequently granted summary judgment to defendants; Berkheimer's appeal of this summary-judgment decision was affirmed by both the Twelfth District and the Ohio Supreme Court, applying the blended analysis described above.

{¶ 16} Here, Fauvel and Cohen argue that the trial court failed to engage in the blended analysis required by *Berkheimer* II and, moreover, that such an analysis, which requires consideration of the specific facts of the case, was inappropriate to undertake in deciding on a judgment on the pleadings. We agree.

{¶ 17} The court's judgment on the pleadings in this case was restricted solely to the complaint and answer. While certain relevant facts were contained in the allegations of the complaint — the fact that Fauvel consumed sushi, the fact that the sushi contained several one-inch-long bones, and the fact that Fauvel's consumption of these bones resulted in injury — these facts are insufficient on which

to conduct the blended analysis contemplated by the Ohio Supreme Court in *Berkheimer* II. While the complaint contained an assertion that sushi is not supposed to contain fish bones, it does not include any explicit reference to the type of sushi that Fauvel consumed and this fact would certainly be relevant to determining what Fauvel reasonably could have expected when she consumed the sushi. Likewise, the lower court in *Berkheimer* I considered not only the size of the bone contained in the boneless wing, but the size of the bone in relation to the size of the boneless wing in which it was contained. Here, despite an allegation that the bones Fauvel was able to expel were one inch long, there is no other information as to the size of the bones or the size of the piece or pieces of sushi that she consumed. Similarly, the lower court in *Berkheimer* I considered how the boneless wings were prepared and, but for one conclusory statement in the complaint referring to the training expected of a sushi chef, there is no information in the pleadings as to how the sushi was prepared.

{¶ 18} For these reasons, the Twelfth District found that because the rule in *Allen,* 170 Ohio St. 249 — and subsequently reaffirmed in *Berkheimer* II — "requires the court to consider the specific facts of the case in determining whether a consumer can reasonably anticipate and guard against eating an injurious object in a meat dish[,]" it "is not an issue that is typically appropriate for judgment on the pleadings." *Berkheimer* I at ¶ 21. In so holding, the court noted that "nearly every Ohio case that we have reviewed that has applied the rule of *Allen* in favor of the defendant has resolved the matter in summary judgment." *Id*. at ¶ 22, citing *Sharp*

*v. Chipotle Mexican Grill of Colorado, LLC*, Franklin C.P. No 11CV10041, 2013 Ohio Misc. LEXIS 3007 (Aug. 15, 2013) (chicken bone in chicken burrito); *Parianos v. Bruegger's Bagel Bakery*, 2005-Ohio-113 (8th Dist.) (pig bone in a sausage patty, which was part of a sausage, egg, and cheese bagel sandwich); *Lewis v. Handel's Homemade Ice Cream & Yogurt*, 2003-Ohio-3507 (11th Dist.) (pistachio shells in pistachio nut ice cream cone); *Ruvolo v. Homovich*, 2002-Ohio-5852 (8th Dist.) (chicken bone in a chicken gordita sandwich); *Mitchell v. T.G.I. Fridays*, 2000-Ohio-2591 (7th Dist.) (clam shell in a fried clam strip); *Soles v. Cheryl & Co. Gourmet Foods & Gifts*, 1999-Ohio-932 (3d Dist.) (pecan shells in a pecan cookie); *Patton v. Flying J, Inc.*, 1997 Ohio App. LEXIS 2402 (6th Dist. June 6, 1997) (chicken bone in a chicken sandwich); *Krumm v. ITT Continental Baking Co.*, 1981 Ohio App. LEXIS 12451 (5th Dist. Dec. 9, 1981) (cherry pits in a cherry pie); and *Schoonover v. Red Lobster*, 1980 Ohio App. LEXIS 10206 (1st Dist. Oct. 15, 1980) (fish bone in filet of sole). Likewise, the parties in this case have been unable to point to a food-based negligence case that was resolved by judgment on the pleadings in favor of the defendant and we have been unable to find such case.

{¶ 19} For these reasons, we believe that this case was inappropriately resolved by judgment on the pleadings. Therefore, Fauvel and Cohen's sole assignment of error is sustained and the trial court's judgment is reversed.

{¶ 20} Judgment reversed, and case remanded for proceedings consistent with this opinion.

It is ordered that appellants recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
WILLIAM A. KLATT, JUDGE*

MICHELLE J. SHEEHAN, P.J., and
EMANUELLA D. GROVES, J., CONCUR

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)